## COMAR OIL CO. v. BLAGDEN et al.

No. 21687.   Sept. 18, 1934.

Thompson, Mitchell, Thompson & Young, William F. Davis, and John M. Thompson, for plaintiff in error.

T. J. Sargent and Irving D. Ross, for defendants in error.

BAYLESS, J. Joseph Blagden, as plaintiff, recovered a judgment against the Comar Oil Company, a corporation, one of the defendants, in the district court of Kay county, Okla., for damages caused by the injury to real estate.

This defendant appealed. The parties will be referred to herein as they appeared in the trial court.

The defendant presents two propositions covering all of the assignments of error. These two propositions read as follows:

"One. The judgment herein should be reversed because there was an award of permanent damages to plaintiff's land without proof that plaintiff had suffered any such damages and without proof of any amount of such damages under the legal measure of damages.

"Two. The plaintiff failed to prove permanent pollution of Dry creek, or that it was destroyed for all useful purposes, or that it became a permanent menace to live stock and the court should have withdrawn that element of the case from the jury. The court's refusal to do so resulted in an excessive, unjust, and erroneous verdict."

While the first proposition would appear to question the sufficiency of the evidence to go to the jury, as a matter of fact, no argument was addressed to this point under this proposition. The argument of the defendant under this proposition is: That the measure of damage by which this cause of action is to be governed is the difference in value of the land before and after the pollution and injury, and that the plaintiff failed to apply this measure of damage by his evidence.

The sole argument was addressed to the method of establishing the measure of damage. Both parties agree upon the statement of the rule of the measure. The questions of the plaintiff were properly framed to show the value of the real estate immediately before the pollution. The defendant's objections thereto were not well taken.

The defendant earnestly attacks the questions asked by the plaintiff to establish the value of the property after pollution. Without contending as a general rule just how much time must elapse after pollution to allow the establishment of the value, or what is too remote a time thereafter, the defendant contends that the plaintiff actually established the value of the property as of the time of the trial of the case, which was some two years after the pollution; and therefore, too remote a period of time. These questions, of which these two: "Q. Do you know what the fair, reasonable market value of the farm in its present condition since the pollution of Dry creek as you have described it and the overflow of it on to the farm?" and, "Q. Do you know what the fair, reasonable market value of the Joe Blagden farm in its present condition?" are typical, were inaptly framed. It does not require any straining of their language or purport to achieve the effect ascribed to them by the defendant. They were duly objected to by the defendant and the record thereon preserved. It is our duty to see if that resulted prejudicially to the defendant.

The defendant, by cross-examining the witnesses to whom these questions were propounded, elicited their understanding of the status of the property upon which they were

called to ascribe values. It is our opinion, upon consideration of these questions, the answers thereto, and the explanations thereof on cross-examination, that the witnesses understood that they were asked to, and they tried to, establish these values before and after pollution within a reasonable time with relation thereto, and they were not trying to establish the value of the property after pollution as of the time of the trial. With this view in mind, we do not believe any prejudice resulted to the defendant as a result of the form of these questions.

The second argument pertains to the permanency of the pollution of the creek. The argument hereunder was also applicable to the first proposition. The defendant contends that a creek cannot be permanently polluted, but, granting for the sake of argument that it might, the plaintiff has not shown that it was so polluted.

The evidence shows that the natural drainage from the oil field is into this creek; that the deleterious substance produced upon this oil field permeated the earth in this oil field to a depth of three or four feet, and polluted the subterranean waters; that these deleterious substances are customarily present in the water of the creek, and have permeated its banks.

The witnesses for the plaintiff testified that the described polluted condition of the creek would continue so long as the oil field was operated and for a period of time thereafter necessary to allow the earth in the oil field and the banks of the creek, by natural process, to free themselves of this taint. No one testified, and probably no one knows, how long the oil field will be operated or how long thereafter it will take the process of nature to remedy this situation. The definition of "permanent," as used in the law of damages, is not as absolute as the dictionary definition. At least, it is capable of a restricted application. The courts have adopted it as an antonym of temporary, but not as an absolute quantity. It may mean a period of time too remote for practical judgment or application as a matter of law when applied to the ascertainment of damage occasioned by a so-called temporary condition.

To our minds the evidence established the status which it would not be reasonable to call temporary. The plaintiff made out a condition which, if called temporary because it was not permanent in an unabatable or unending sense, would saddle him with an

unending succession of suits to recover for his successive temporary injunctions.

We are cited Sinclair Oil & Gas Co. v. Allen, 143 Okla. 290, 288 P. 981, and certain cases mentioned in that opinion, which are said to be of controlling effect in this case. We have read them and derived aid and assistance in arriving at a conclusion in this case, but in the final analysis each case is made and stands or falls on its own record and facts, and we are therefore applying the rules of law laid down in those cases to the facts of this case, and affirming the judgment of the trial court.

RILEY, C. J., and McNEILL, OSBORN, and WELCH, JJ., concur.