## COMMERCIAL DRILLING CO. v. KENNEDY.

No. 22806. March 12, 1935.

Rehearing Denied June 4, 1935.

Yancey, Spillers & Fist and Hamilton, Gross & Howard, for plaintiff in error.

Frank T. McCoy, John R. Pearson, and John T. Craig, for defendant in error.

BUSBY, J. This action to recover damages to land caused by salt water pollution was filed in the district court of Osage county on December 10, 1930, by the defendant in error, Albert A. Kennedy, as plaintiff, against the plaintiff in error, Commercial Drilling Company, as defendant. The parties will be referred to herein as they appeared in the court below.

The trial of the cause to a jury in the district court on February 27, 1931, resulted

in a verdict and judgment in favor of plaintiff for $2,125.

Plaintiff is the owner of a quarter section of land situated in Osage county, Okla.; the defendant is engaged in the production of oil and gas on neighboring, but not adjoining, land.

The basis of the plaintiff's action is that the defendant wrongfully permitted salt water and other oil field refuse to flow over and upon the land belonging to the plaintiff, thereby damaging approximately 15 acres of his farm.

Plaintiff's petition was divided into two causes of action. In that portion of his petition denominated the first cause of action, he asserted, in substance, that the wrongful pollution had resulted, during the two years immediately preceding the filing of his action, in the destruction of 130 valuable pecan trees growing on the land in question, each worth $20, damaging him in the total sum of $2,600. In that portion of his petition called the "second cause of action," he complained that within the two years immediately preceding the filing of his action the soil of the 15-acre tract had become so permeated with salt and other poisonous substances that it had become sterile and nonproducing and would remain in that condition for a period of 20 years, thus depriving him of the value of the use of the land, alleged to be $2 per acre per year, to his damage in the sum of $660.

The defendant's answer to each of the causes of action consisted of a general denial and a plea that plaintiff's action was barred by the two-year statute of limitations (subdivision 3 of section 101, O. S. 1931).

Although the evidence is conflicting, it amply supports the view that plaintiff's premises were injured in the manner described in plaintiff's petition. The defendant does not challenge the sufficiency of the proof in this respect.

The various assignments of error presented in this appeal have been grouped in defendant's brief under three points or propositions, which we shall consider separately.

It is first urged that:

"The trial court erred in holding that the statute of limitation was not a bar to the bringing of this action."

In support of the contention, on this point, defendant asserts, in effect, that (a) the plaintiff in this action is seeking to recover damages for permanent injury to his land; (b) that plaintiff's land was "visibly affected" by the wrongful pollution more than two years before the commencement of this action; and (c) that a cause of action for permanent damages to land occasioned by a wrongful and continuing trespass such as salt water pollution accrues when the land first becomes "visibly affected," and the statute of limitation commences to run as of that date.

The defendant has correctly classified plaintiff's action as one for permanent injuries to his land. In the case of Union Oil & Mining Co. et al. v. Bowman, 144 Okla. 54, 289 P. 296, we said, quoting from Coleman v. Bennett, 111 Tenn. 705, 69 S. W. 734, that:

"'Permanency,' in the legal acceptation of the term, does not include the idea of absolute, but only of practical, irremediability'."

In that case we held that a condition created by salt water pollution, including the destruction of young timber, somewhat similar to the situation existing in the case at bar, constituted a permanent, as distinguished from a temporary, injury. In so holding we said:

"We are inclined to view that where a large quantity of oil or oil sediment, known as base sediment, escapes into a stream of water and is deposited on the banks, around the trees, and in the folds of the sand or earth, in the bottom of the stream, which is a natural consequence where water is running, the injury, in a relative or practical sense, is of a permanent nature."

Thus in the case now before us the pleadings describe and the proof establishes a condition which will exist for many years, a condition which cannot be remedied in the near future. The growing trees were a part of the soil itself and cannot be replaced until the productive qualities of the soil are regained, if ever. The condition is, for practical purposes, irremediable. The injuries for which recovery is sought are, therefore, in contemplation of the law, permanent.

A consideration of defendant's assertion that the land was visibly affected by the wrongful pollution more than two years before the commencement of this action, requires a brief review of the evidence which we have not heretofore mentioned in this opinion. It appears from the record that salt water and other oil field refuse released by the defendant began to flow along the section line adjoining plaintiff's prem-

ises as early as 1926; that such flow continued with some interruptions until 1929, and, perhaps, to a limited extent, even longer. There is no controversy that during this time salt water overflowed from the drain along the road and entered in and upon plaintiff's land. Since plaintiff's action was brought in December, 1930, it is apparent that a portion of the continuing trespass was committed prior to December, 1928. It is also apparent that a portion of the injury sustained by the plaintiff occurred prior to December, 1928. The exact amount of damages sustained by the plaintiff prior to that time is a matter on which there is a sharp conflict in the evidence. The plaintiff asserts and his evidence tends to prove that only a few of the pecan trees near the road had died prior to that time, while the defendant contends that a large number of the pecan trees had died prior to that time.

The defendant takes the position that regardless of the exact extent of the injury then suffered, the plaintiff's land was "visibly affected" prior to December, 1928, and that the statute of limitations barred his action for permanent injuries before he filed the same in December, 1930.

In the trial of the case, defendant demurred to plaintiff's evidence when plaintiff rested his case in chief, and at the close of all evidence moved the court to instruct a verdict in his favor. Both the demurrer and motion were based on the ground that plaintiff's cause of action was barred by the statute of limitations. Both were overruled. The defendant then requested that the court submit to the jury the following instruction:

"If you find that the plaintiff's land was visibly affected and injured by salt water, and that his pecan trees were dying at any time before the 10th day of December, 1928, his cause of action is barred by the statute of limitations and he cannot recover."

The requested instruction was refused, and the defendant excepted. The trial court then submitted the question to the jury by the following instruction:

"With reference to the statutes of limitation, as urged by the defendant herein as a defense to the claim made by the plaintiff, you are told that the statutes of limitation would run in this case against the recovery of all damages which occurred, if any, prior to the 10th day of December, 1928. And in this connection, you are told that the plaintiff herein could not recover

any sum for any injury to his land or trees prior to the 10th day of December, 1928.

"And you are further told, in this connection, that if you find that plaintiff sustained any injury to his land or trees by reason of the acts complained of herein, but that such injury was sustained prior to the 10th day of December, 1928, that then and in that event the plaintiff could not recover any sum for such injury so sustained."

The defendant excepted to this instruction. In giving the foregoing instruction, the trial court excluded from consideration of the jury all damages resulting from all injuries, whether temporary or permanent, which had been suffered by the plaintiff more than two years before the action was commenced. It must be presumed that the jury observed the instruction in determining the amount of recovery.

In considering the propriety of the requested, as well as the given, instruction, we must, at all times, bear in mind the continuing nature of the tortious act, as well as the destructive nature of pollutive fluid and the progressive and cumulative nature of resulting damage. We must also bear in mind that in this character of case the cause of injury may be abatable, while the injury itself may progressively reach a stage where it is not. Thus an injury caused by salt water pollution may be either temporary (Carter Oil Co. et al. v. Kerley, 109 Okla. 69, 234 P. 737) or permanent (Comar Oil Co. et al. v. Hackney, 119 Okla. 285, 250 P. 93). Mid-Co Gasoline Co. v. Black, 95 Okla. 29, 217 P. 1041; Sinclair Oil & Gas Co. et al. v. Allen, 143 Okla. 290, 288 P. 981. Similarly the injury may progressively develop from one that is temporary in character to one which is permanent.

Having observed the characteristics of the tortious act and the injury created thereby, let us direct our attention to the practical application of the rule invoked by the defendant. Land may become visibly affected by salt water pollution long before its destruction is total or complete. Assuming that the time that the land is first visibly affected coincides with the occurrence of a permanent partial injury to the land itself, or some portion thereof, the plaintiff could then maintain an action for the permanent partial injury to his land, including in his action such further items of damage as would naturally and probably occur in future from the tortious acts already committed. Judd v. Comar Oil Co., 172 Okla. 538, 45 P. (2d) 532. He could not, however, in a

case where the cause of injury is abatable, assume that the "abatable cause of injury" would continue and seek to recover future damages for future continuing tortious acts not yet committed. If we should hold that the statute of limitations for all permanent injuries began to run from the date the land was first visibly affected by the pollution, it would necessarily follow that in a case where the permanent destruction of the land occasioned by a continuing cause of injury slowly progressed through a period of years, resulting ultimately in the permanent total destruction of the value of the land, the statute of limitations for all permanent injuries would run long before the land should be permanently and totally destroyed by the continuing pollution.

The rule invoked by the defendant seems to have been applied principally to cases in which "the cause of the injury" was not abatable and future effects of the "nonabatable cause of injury" could be easily ascertained within the period of the statute of limitations after the land became visibly affected as in the case of seepage from irrigation canals. Middelkamp v. Bessemer Irrigating Ditch Co., 46 Colo. 102, 103 P. 280, 23 L. R. A. (N. S.) 795, cited by the defendant.

This rule invoked by the defendant cannot be properly applied to the situation presented in the case at bar.

Let us now direct our attention to the instruction given by the court as previously quoted, and the law applicable thereto. In the case of Richards v. Flight, 97 Okla. 9, 222 P. 564, we said in syllabus 1:

"An action against a person for injuries to real property, by reason of waste oil being permitted to escape into a stream running through the plaintiff's land, is not barred by the statute of limitations because oil has escaped into such stream for more than two years prior to the filing of the action, but the time within which such action may be brought dates from the time the injuries are received and the damages sustained"

and in the case of City of Tulsa v. Springfield Life Insurance Co., 157 Okla. 218, 11 P. (2d) 493:

"The bar of the statute of limitations is set in motion to a cause of action for damages to or trespass upon real property caused by the construction of an improvement when the injury occurs. Such an injury may be temporary or permanent. When temporary the injury occurs at the time of the first damage. When permanent, at the time it becomes obvious that the injury is a permanent one."

The rule last stated is peculiarly applicable to a permanent injury created by the construction of an improvement creating a source of injury which cannot reasonably be abated, the operation of which will necessarily result in damages. When somewhat modified, it is applicable to an abatable but continuing source of injury which has created a nonabatable, and therefore, permanent, injury. Thus when it becomes obvious that a permanent injury has been suffered by the real estate, a cause of action for permanent injuries accrues (F. C. Judd v. Comar Oil Co., supra), and the statute of limitations begins to run as to the damages, present and prospective, resulting exclusively from the permanent injury then suffered. But the statute cannot run as to damages which may later be caused by future possible injuries not yet inflicted by the possible continuance of the abatable source of injury. We think the trial court sufficiently excluded from the consideration of the jury damages flowing from injuries, permanent or temporary, which may have occurred more than two years before this action was commenced. No requested instruction having been submitted by the defendant containing a more accurate or specific statement of the law, we hold that no error was committed by the trial court in submitting the issue on the instruction given.

Neither was any error committed by the trial court in overruling the demurrer to the evidence and the motion for an instructed verdict based upon the grounds that the action was barred by the statute of limitations.

It is next complained that the trial court unreasonably restricted defendant's right of cross-examination. This complaint is based upon various rulings of the trial court sustaining objections to questions asked by defendant's counsel on cross-examination. No useful purpose would be served by incumbering this opinion with a detailed review of the questions asked. We have made a careful examination of the record for the purpose of determining whether the trial court abused its discretion in limiting the latitude of cross-examination, and are unable to say that such an abuse of discretion occurred in this case. The rule of law applicable to this question was stated by the court in the case of Devonian Oil Co. et al. v. Smith, 124 Okla. 71, 254 P. 14:

"The extent of a cross-examination is

largely in the discretion of the trial court, and unless it is made to appear that there has been an abuse of that discretion to "the manifest injury of the complaining party, the case will not be reversed upon that ground."

See, also, Stallaby v. Gallagher et al., 131 Okla. 242, 268 P. 303; Sharpe v. Wright, 88 Okla. 16, 211 P. 70; City of Guthrie v. Carey, 15 Okla. 276, 81 P. 431; Yingling v. Redwine, 12 Okla. 64, 69 P. 810.

The third and final contention of the defendant is that the trial court incorrectly instructed the jury as to the measure of damages and so instructed the jury that a double recovery was authorized.

In this connection it is pointed out that the proper measure of damages in an action for permanent injury to real estate is the difference in market value of the real estate before and after the injury, which depreciation in value is attributable to the injury. Carter Oil Co. v. Kennedy, 137 Okla. 168, 278 P. 640; Sinclair Oil & Gas Co. et al. v. Allen, supra. Plaintiff concedes that this is the proper measure of damages and that it is applicable to this case.

But plaintiff did not plead his measure of damages in accordance with the rule stated. On the contrary he sought recovery on the apparent theory (as is obvious from the review of the pleadings contained in the first part of this opinion) that his measure of damages would be the value of the trees injured plus the usable value of his land for such period of time as he would be deprived of the use thereof. This mistake in pleading was not fatal to his recovery, since he accurately described the injuries suffered. The measure of damage is a matter of law to be determined by the court and submitted to the jury by appropriate instructions. It is not a question of pleading. Winemiller et al. v. Lorton, 121 Okla. 99, 249 P. 406.

The instructions of the trial court were only in partial accord with the rule respecting the measure of damages now admitted by the plaintiff to be correct. The trial court advised the jury in substance that, as to plaintiff's first cause of action, with reference to the pecan trees alleged to have been killed by salt water, the measure of damages "would be difference in the fair market value of the land owned by the plaintiff upon which the trees were growing on the 10th day of December, 1928, and immediately prior thereto and its fair market

value immediately prior to the 10th day of December, 1930, which difference, if any, was occasioned by and directly attributable to the fact the defendant herein permitted salt water to escape from its oil mining operations and flow on the premises owned by the plaintiff, thereby killing the pecan grove owned by the plaintiff herein." This part of the instruction was in substantial accord with the proper measure of damages. With respect to the injury to the soil itself the court advised the jury that the measure of damages "would be the difference between the usable value thereof upon the 10th day of December, 1928, and immediately prior thereto, and its usable value during the time that the injury to the land will, with reasonable certainty, exist." The latter part of the instruction is admittedly inaccurate. The defendant excepted to the instruction, but did not submit any instruction correctly stating the measure of damages. Plaintiff urges that the inaccurate instruction does not constitute reversible error for the reason that no requested instruction correctly stating the measure of damages was submitted by the defendant. In the case of Muskogee Electric Traction Co. v. Richards, Adm'r, 97 Okla. 61, 222 P. 265, wherein, as in this case, the appealing party was complaining of the trial court's instruction to the jury on the measure of damages, this court said:

"We consider the plaintiff's argument answering the defendant on this point very fitting that the defendant is not in a position to complain of this error for the reason that the record discloses the defendant was represented by able counsel, who sat by when this instruction was given by the court and failed to point out the objectionable language and to render any assistance to prevent the error complained of and contented themselves by simply saving an exception. This court has held that it is the duty of the defendant in damage suits to present to the court by way of requested instructions or in some manner to call the court's attention to the defendant's theory as to what matters the jury may consider in assessing damages, and in case of failure on the part of the defendant to do so and a verdict is rendered which is supported by the evidence, and which from the evidence is not excessive, the cause will not be reversed because the court's charge may not accurately define the measure of damages. This argument is supported by the following well-considered cases: Ft. Smith & W. Ry. Co. v. Moore, 66 Okla. 322, 169 P. 904; Lusk et al. v. Kennedy et al., 73 Okla. 307, 176 P. 502;

480 .

Dodson & Williams v. Parsons, 62 Okla. 298, 162 P. 1090; Potts, Ex'x v. Zollinger, 79 Okla. 262, 192 P. 1099."

And in the case of Allen v. Cubbison, 150 Okla. 116, 3 P. (2d) 677, we said in the fourth paragraph of the syllabus:

"It is well settled by this court that where there is competent evidence to show damages alleged and the verdict is not excessive, and when the complaining party does not request an instruction correctly stating the measure of damages, the cause will not be reversed because the measure of damages is inaccurately stated in the instruction."

The foregoing authorities are applicable to the case at bar. If defendant was aggrieved by the inaccuracy of the measure of damages as stated by the court, a requested instruction correctly stating the measure of damages should have been submitted. The defendant was responsible for the injury. The damages do not appear to have been excessive. We therefore decline to reverse the case by reason of the inaccuracy of the instruction.

Neither did the instruction given authorize a double recovery. It is apparent from an examination of the entire instructions of the trial court that the damages to the land by reason of the destruction of the pecan trees, and the damages to the soil itself, were treated separately. The amount of damages claimed for each item was stated in the instructions. We cannot conceive, after reading the entire instructions, how the jury could have been confused to the extent of awarding double damages for any part of the injury suffered.

Finding no prejudicial error in the proceedings of the trial court, the cause is affirmed.

McNEILL, C. J., and RILEY, PHELPS, and GIBSON, JJ., concur.