## CARTER OIL CO. v. MEANS.

No. 27553.    Sept. 21, 1937.

Anglin & Stevenson and Vernon Roberts, for plaintiff in error.

John T. Cooper, for defendant in error.

OSBORN, C. J.   N. V. Means, hereinafter referred to as plaintiff, sued the Carter Oil Company, hereinafter referred to as defendant, in the district court of Seminole

county for damages to his property resulting from the escape of salt water from a producing oil well. Issues were joined and the cause was tried to a jury. A verdict was returned in favor of plaintiff in the sum of $150. From a judgment thereon, defendant has appealed.

Plaintiff was the owner of a tract of land consisting of twelve and one-half acres and occupied the same as his residence. Defendant owned and operated an oil well located immediately west of plaintiff's property which produced salt water which escaped from the premises of the company and flowed through a ravine which traversed plaintiff's property, resulting in certain damage to one and one-half acres of the land. It was shown that plaintiff purchased the land in June, 1933; that the well had been producing since 1928 and was plugged and abandoned subsequent to the institution of this action. It is the contention of defendant that all of the pollution occurred prior to the date plaintiff purchased the land. Plaintiff offered some evidence from which it might be inferred that some of the pollution occurred subsequent to said date of purchase. This issue of fact was submitted to the jury under proper instructions, and the finding of the jury on the point is conclusive.

It is further urged that plaintiff failed to establish a proper basis upon which the damage might be computed. The cause was tried on the theory that the damages were permanent in nature. It is the general rule that the measure of damages for permanent injuries to real estate caused by salt water pollution is the difference in value of the real estate before and after the injury, which difference in value is attributable to the injury (Commercial Drilling Co. v. Kennedy, 172 Okla. 475, 45 P. (2d) 534), but in the instant case plaintiff would be entitled to recover for only such damages as accrued by reason of pollution which occurred subsequent to the date he acquired the land. Any depreciation in the value of the land caused by pollution which occurred prior thereto would not be a proper element of damage in the instant case. Masonite Corp. v. Burnham (Miss.) 146 So. 292. The jury was properly instructed on this point. The only evidence in the record relating to the amount of damage sustained is the evidence of plaintiff, from which we quote as follows:

"Q. Do you know the value of the land? (Objection overruled.) A. That place would be worth $100 an acre."

It is noted that the answer was unresponsive as well as ambiguous. No effort was made to establish the fair market value of the land upon the date of plaintiff's purchase of the same, nor to establish a depreciated value thereof attributable to pollution subsequently occurring. No factual basis was established for the computation by the jury of plaintiff's damage, consequently, the verdict was based upon speculation, surmise, or conjecture. It is urged by plaintiff that he sustained other damage of a temporary nature, but the record is silent regarding the existence or extent of such items of damage.

The judgment is reversed and the cause remanded, with directions to grant a new trial.

BAYLESS, V. C. J., and PHELPS, CORN, and GIBSON, JJ., concur.