EXCHANGE DRILLING CO. v. RING.

No. 29572. Sept. 10, 1940.

*105 P. 2d 421.*

Long & Jackson, of Seminole, for plaintiff in error.

W. A. McDaniel, of Seminole, for defendant in error.

GIBSON, J. This is an action to recover permanent damages to land resulting from the flow of oil and salt water from defendant's oil and gas mining lease.

The cause was tried to the court without a jury, resulting in judgment for plaintiff in the sum of $100, and defendant appeals.

Plaintiff purchased the land in October, 1937, and commenced his action in April, 1938. The land allegedly damaged consisted only of the bed and banks of a small stream on the premises. The evidence indicates that this particular portion of the farm had suffered some damage by pollution prior to the time plaintiff purchased same, but plaintiff prosecuted his action on the theory that the oil and salt water turned into the stream by defendant since the purchase had resulted in permanent damages, and he attempted to establish the extent of such damage and sought recovery therefor.

Defendant says the evidence was not sufficient to support the findings and judgment of the court. It is urged in this respect that if in fact the land was permanently damaged, the plaintiff failed to show any material decrease in the fair market value of the land as obtaining at the date of his purchase

thereof that in any way could be attributed to the alleged pollution occurring subsequent to such purchase, and that in the absence of such proof there existed no means or method whereby the court could properly measure the financial detriment suffered by the plaintiff. Carter Oil Co. v. Means, 180 Okla. 585, 71 P. 2d 705.

There is evidence that the defendant permitted oil and salt water to flow into the stream in question after the date of plaintiff's purchase of the farm. There is further evidence that the banks of the stream suffered some damage thereby. Though the testimony concerning the decrease in the fair market value of the premises is somewhat vague with reference to the time such decrease occurred, it is evident that the witnesses referred to the decrease occurring subsequent to the plaintiff's purchase, and that the trial court so understood their testimony. The evidence in this regard was to the effect that the fair market value of the farm had decreased in value some $300 or $400 since plaintiff acquired the same, and that such decrease was the result of the pollution occurring subsequent to such acquisition.

We are of the opinion that the evidence sustains the judgment, and the same is therefore affirmed.

WELCH, V. C. J., and OSBORN, HURST, and DANNER, JJ., concur.