SKELLY OIL CO. et al. v. HUMPHREY.

No. 31336.   April 3, 1945.

Rehearing Denied May 1, 1945.

*158 P. 2d 175.*

A. G. Cochran, W. P. Z. German, Charles N. Champion, and W. F. Semple, all of Tulsa, and Swank & Swank, of Stillwater, for plaintiffs in error.

Leon J. York and Wallace S. Dickey, Jr., both of Stillwater, for defendant in error.

PER CURIAM. On February 9, 1942, plaintiff, Norborne W. Humphrey, brought an action against Skelly Oil Company and Deep Rock Oil Corporation, defendants, seeking to recover $2,000 damages to the E.½ of the S.E.¼ of section 20, township 19 N. range 5 E., in Payne county. On a trial to the jury a verdict was returned for $850, and judgment was entered thereon, from which defendants appeal. The parties will be referred to by their trial court designation.

The defendants in eight assignments of error have presented two propositions. It is first argued that the testimony fails to support the verdict, and therefore the trial court erred in refusing to sustain the motion for a directed verdict.

A review of the evidence shows that the chief source of pollution and damages is occasioned by a creek into which three wells of defendants drain. The damage is caused by the killing of trees and the pollution of a creek formerly used for stock water. There is also evidence of damage to approximately 15 acres of pasture land.

Plaintiff testified and admitted that he did not know when the damages to the freehold occurred. He relied upon his brother for this line of testimony. His brother testified that the waste material and salt water had been running down the creek for a number of years; that in 1934 or 1935 he had to build a pond on this 80 acres to have fresh water for his stock; that he estimated 100 trees had died; that trees had been dying the last four or five years; that lots of them are dying at the present time (when testifying); that the conditions of the pollution have been the same since 1934. On cross-examination he testified that the trees have been dying off and on the last five or six years, but that he could not tell how many died, six, five, four, or three years ago; that salt water killed the trees, and that there were no dead trees before the salt water came down through there.

It is clear that the parties have considered the damage as permanent within the meaning of the decisions of this court and in this their assumption is correct. Commercial Drilling Co. v. Kennedy, 172 Okla. 475, 45 P. 2d 534; Comar Oil Co. v. Hackney, 119 Okla 285, 250 P. 93; H. F. Wilcox Oil & Gas Co. v. Murphy, 186 Okla. 188, 97 P. 2d 84. The destruction of trees along the banks of the stream was a permanent injury. Union Oil & Mining Co. v. Bowman, 144 Okla. 54, 289 P. 296. The plaintiff relies upon Commercial Drilling Co. v. Kennedy, supra, wherein it was held that in an action for damages for permanent injury to real estate caused by continuing salt water pollution, the statute of limitations begins to run at the time it becomes obvious that a permanent injury has been suffered; but in a case where the injury grows progressively greater due to a continuation of the tortious acts, the statute of limitations bars recovery only for the damages flowing exclusively from that portion of the permanent injury which was obvious more than two years prior to the commencement of the action. Subsequent to the opinion in Commercial Drilling Co. v. Kennedy, supra, we held in H. F. Wilcox Oil & Gas Co. v. Juedeman, 187 Okla. 382, 101 P. 2d 1050, that it was error to refuse to submit to the jury the question of the bar

of the statute of limitations where the evidence is in conflict as to whether or not it was obvious a permanent injury has been suffered to the freehold within two years prior to the action; and in Shell Oil Co. v. Vanderslice, 192 Okla. 690, 138 P. 2d 841, in following Wilcox Oil & Gas Co. v. Juedeman, supra, we stated that in case of injury to land caused by the pollution of a stream running through the land by salt water and oil, a cause of action arises at the time it becomes obvious that the land has been permanently injured.

The rules announced in the above-cited cases of Wilcox Oil & Gas Co. v. Juedeman and Shell Oil Co. v. Vanderslice are applicable here. There is no evidence in the record reasonably tending to disclose a cause of action arising within the immediate two years prior to February 9, 1942, the date on which the plaintiff filed his petition. The permanent injury to the freehold under the evidence in the case at bar was occasioned prior to the two years before suit was commenced and the statute of limitations, 12 O.S. 1941 § 95, subd. 3, barred any right of action for recovery.

This court has many times held that where the evidence with all the inferences which the jury could reasonably draw therefrom is insufficient to support a verdict for plaintiff, the trial court should direct a verdict for the defendant. Ballard v. Manhattan Construction Co., 186 Okla. 506, 98 P. 2d 1112.

It is therefore unnecessary to discuss the other contention of defendant.

The cause is reversed and remanded, with directions to the trial court to vacate the judgment for the plaintiff and to proceed in accordance with the views herein expressed.

GIBSON, C.J., HURST, V.C.J., and RILEY, BAYLESS, and DAVISON, JJ., concur. OSBORN, CORN, WELCH, and ARNOLD, JJ., dissent.