## WOOD OIL CO. v. ENDICOTT.

No. 34021.  June 5, 1951.

Rehearing Denied July 17, 1951.

*234 P. 2d 371.*

N. E. McNeill, Tulsa, and Speakman & Speakman, Sapulpa, for plaintiff in error.

Fred L. Patrick and Clyde T. Patrick, Sapulpa, for defendant in error.

JOHNSON, J.  Wood Oil Company, plaintiff in error, was the defendant in the trial court and Joe Endicott, defendant in error, was the plaintiff and hereafter they will be referred to as they there appeared.

In an amended petition consisting of two separate causes of action, plaintiff alleged that since the 1st day of September, 1946, the defendant had operated oil and gas leases located in sections 11 and 12, township 19N., range 7E.; that in the operation of said oil and gas leases on which were located several producing oil wells, said defendant caused water ways crossing the land owned by plaintiff to be polluted with salt water and other foreign substances; that plaintiff owns approximately 110 acres described as the W.½ N.E.¼ and W.½ S.E.¼ N.E.¼ and N.W.¼ N.E.¼ N.E.¼ in section 13-T.-19N.-R.7E.; that said land is bisected by Lagoon creek which is the waterway polluted by the operation of the oil leases of defendant.

It was further alleged that the defendant wholly failed to use due care and allowed foreign substances to pollute Lagoon creek, causing damages to plaintiff in the sum of $500; that two head of his cattle of the value of $100 each died as a result of drinking the polluted water of Lagoon creek; that twelve head of his cattle lost weight resulting in damages to the extent of $25 per head, occasioned by drinking from said polluted water.

In the second cause of action, plaintiff alleged that by reason of the foreign substances escaping from the leases of the defendant that plaintiff's lands have been damaged to the extent of approximately $41 per acre, making the total damage to the 110 acres described above $4,510; that the 110 acres belonging to him is about evenly divided by the bed of Lagoon creek and the condition of the water in Lagoon creek is a natural and material factor in determining the value of the property and the damage thereto; that the damage is the proximate result of the careless and negligent acts of the defendant in allowing foreign substances from the defendant's oil leases to pollute said creek.

The plaintiff prayed for a judgment for personal property loss and damage to real property in the total sum of $5,010.

Motion to strike, motion to make more definite and certain and demurrer being overruled and exceptions saved, the defendant answered reserving any rights under the motions and demurrer, and, as to the first cause of action, denied generally the allegations of plaintiff's petition. The defendant admitted that the plaintiff owned an interest in the lands in question but denied that he owned the entire fee-simple title, and admitted and asserted that the water is and was polluted for more than ten years from polluted backwater from the Cimarron river and from salt water and other foreign matters that drain into Lagoon creek and from two producing oil and gas wells located on the premises of plaintiff and from oil and gas wells located in close proximity to said Lagoon creek immediately to the west of the land of the plaintiff. The defendant specifically denied any knowledge of a claim for damages for the death or loss of weight of cattle, and alleged that if any such loss had occurred that the plaintiff contributed to such injury and damage by permitting salt water from the oil and gas wells on his premises to drain into said

creek; that by reason thereof he could not recover.

The answer to the second cause of action contained the same general denial and the same assertion that the nature and extent of plaintiff's interest in the land was unknown to defendant; but asserted that the surface and mineral rights were separate and distinct estates and had been for more than 20 years and that there was a defect of parties because the plaintiff had alleged that he was the owner in fee simple of the entire estate.

Defendant denied specifically that the pollution of Lagoon creek affected in any manner, or damaged, the mineral estate under said land; and further alleged that Lagoon creek rises in a northwesterly direction from plaintiff's land and enters said land about one-half of a quarter of a mile from the northwest corner and flows almost directly south and a little less than a half mile where it flows into the Cimarron river; that the land of plaintiff lying south and west of said creek consisting of approximately 70 acres is sandy pasture land and is not and has not been for more than 10 years of a value in excess of $10 per acre; that if plaintiff's land decreased in value from pollution such occurred more than two years prior to the filing of the action and is barred by the statute of limitations; that the pollution was from plaintiff's premises and specifically denied that the land was or had been damaged since 1946, or decreased in value by any act of the defendant.

The plaintiff replied denying generally all allegations of the answer, but admitted that one-fourth of the royalty was owned by H. B. Schone and that plaintiff owned all of the surface rights in the land which he claimed to have been damaged by the defendant and three-fourths of the royalty interest.

Upon the issues thus joined the cause was tried to a jury which rendered a single verdict on both causes of action in a lump sum of $1,450, which the

trial court approved and rendered judgment thereon, and from an order overruling defendant's motion for a new trial, defendant appeals.

Defendant's numerous assignments of error are argued under two propositions, to wit: (1) There is no evidence to support a judgment for permanent damages to the real estate. (2) The plaintiff having sought recovery upon two separate and distinct causes of action, it was error for the jury to return a verdict in a lump sum.

The effect of defendant's argument is to admit that the record sustains the judgment as to the first cause of action, but that the judgment of the trial court must be reversed as to the second cause of action with directions to the trial court to order plaintiff at his option to either file a remittitur of all of the judgment above $500 or submit to a new trial.

The defendant, in its reply brief, contends that the sole question involved in the appeal is whether the plaintiff's pleading and evidence upon his second cause of action for damages to the real estate caused by salt water escaping from oil leased premises into a stream which bisects plaintiff's farm is sufficient to support a verdict for permanent damages to real estate. It is asserted in this connection that plaintiff takes the erroneous position that the verdict for permanent damages to real estate may be sustained upon establishing that a creek is polluted with salt water and unfit for cattle to drink, although:

(a) There is no evidence of present damage to the soil, or the fertility thereof, nor to the trees, crops or vegetation on the real estate;

(b) The plaintiff's evidence conclusively establishes that the pollution of the stream could be abated and remedied by careful and prudent operation of the oil wells on the lease, as they had been operated in the past, by pumping salt water into abandoned wells;

(c) If the oil wells are operated in a careful and prudent manner and salt water pumped into abandoned wells, the same will not escape into Lagoon creek and the water will be available for stock water within a short time.

In support of this argument, defendant cites the following cases: Union Oil & Mining Co. v. Bowman, 144 Okla. 54, 289 P. 296; Carter Oil Co. v. Means, 180 Okla. 585, 71 P. 2d 705; Sinclair Oil Co. v. Allen, 143 Okla. 290, 288 P. 981; Twin State Oil Co. v. Long, 170 Okla. 413, 40 P. 2d 650.

These cases hold that a plaintiff, in order to recover damages for injury to real property by salt water or oil debris pollution, has the burden of proving facts essential to establish his cause of action, including the basis upon which a jury may calculate the financial detriment. But in the Comar Oil Co. v. Blagden, 169 Okla. 78, 35 P. 2d 954, it was said:

" . . . in the final analysis each case is made and stands or falls on its own record and facts."

In the case at bar no pollution by salt water or oil debris is shown to have occurred except in the stream of Lagoon creek which would necessarily include the bed and banks thereof, but it was shown, and the jury so found, that the defendant had allowed the stream of said creek to become polluted to the extent that the water therein was unfit for livestock to drink; that by drinking therefrom plaintiff's cattle were damaged as alleged.

It was shown by competent evidence that the pollution of the creek had affected the value of the farm for pasturage purposes; that it was necessary to pump water from wells for cattle grazing on the pasture land; that by reason thereof the farm was greatly depreciated in value; that before the pollution the 110-acre farm was worth $110 per acre; that after and with the polluted condition of the water the farm was worth only about half as much, or about $50 per acre.

Plaintiff testified that the former owners of the oil lease, now operated by the defendant, had kept the salt water from polluting Lagoon creek by pumping it into an abandoned oil well; and it is urged by defendant that this evidence is conclusive that the cause of the pollution could be remedied by careful and prudent operation of its oil wells. However, the continued operation of the lease by defendant under the alleged existing circumstances was, if not admitted, clearly shown; and no attempt was made by defendant to show that the damage caused from said pollution could or would be abated or remedied by the expenditure of money or labor or that it intended so to do. Some degree of permanency of damage will prevail from such pollution as shown to exist in the instant case and evidence thereof raised questions of fact to be determined by the jury. Therefore, the contention that there were no facts to sustain the second cause of action because the pollution was only temporary, and not permanent, is without merit. The verdict is for much less than asked for and much less than there was evidence tending to support. Comar Oil Co. v. Blagden, 169 Okla. 78, 35 P. 2d 954; Wilcox Oil & Gas Co. v. Allen, 184 Okla. 196, 86 P. 2d 55; Roxana Petroleum Corporation v. Dormire, 161 Okla. 262, 18 P. 2d 544.

Defendant complains also of error in giving instruction No. 6, which reads:

"You are instructed that if you find from the evidence that the plaintiff's land as a stock farm, has been permanently damaged to any extent as a result of the wrongful acts of the defendant, then that the defendant is liable therefor under the evidence and these instructions. Then the proper measure of such damage would be in such sum as you find from the evidence, to be the difference between the fair reasonable market value of plaintiff's farm on September 1, 1946, just before the injury is claimed to have occurred to the land by the plaintiff and its fair, reasonable market value at the present time. That is to say, you are instructed that the measure of damages is the depreciation in the fair, market value attributed to the pollution occurring subsequent to September 1, 1946.

"And in determining the value of the land just before such injury by the defendant, you should take into consideration the character of the land, its condition, its suitableness for the raising of stock and cattle, and all the evidence pertaining thereto, and pertaining to the value before such injury. And likewise, in determining the value of said land immediately after the injury, you should consider all the evidence concerning its value as farm land, and its injury, if any, because of the pollution of the stream running through said land, to the present time, and what will be its condition in the future, and the duration of any past and present impairment as a suitable farm for the raising of stock and cattle."

The giving of this instruction was not erroneous. Comar Oil Co. case, supra. There in the second syllabus we said:

"Where the evidence discloses that the plaintiff's land was injured by the pollution of a certain stream on plaintiff's land, and the evidence further disclosed that the injuries complained of had not been abated and that said condition would continue for a considerable period of time, and the evidence further discloses at the date of trial that the injury would continue for an unpredictable period, it was not error for the trial court to instruct the jury that the injuries, if any, to said premises were permanent."

There was ample evidence to raise an issue of fact as to the permanent damage to the property which was properly submitted to the jury. Roxana Petroleum Corporation v. Dormire, supra; Argo Oil Co. v. Snouffer, 175 Okla. 382, 52 P. 2d 803.

Defendant further complains that the plaintiff having sought recovery upon two separate and distinct causes of action, it was error for the jury to return a verdict in a lump sum. Asserting, however, that the failure of the jury to itemize the amount awarded in each

cause of action would not be in error if there was sufficient evidence to support the entire judgment of $1,450 upon the second cause of action. We are of the opinion that the judgment was so sustained.

For the reasons already stated, and the further reasons, and rules announced in the case of Wilcox Oil & Gas Co. v. Allen, supra, and cases cited therein, we consider this contention without substantial merit.

Record examined, and held, that there are no prejudicial errors; that the instructions fairly stated the law applicable to the case, and that the evidence sustains the verdict of the jury and the judgment based thereon. The judgment is affirmed.

ARNOLD, C.J., LUTTRELL, V.C.J., and CORN, GIBSON, and DAVISON, JJ., concur.