Albert STEKOLL, Plaintiff in Error,

v.

L. H. PREVETT, Guardian of Susan Tiger, an Incompetent Person, Defendant in Error.

No. 39008.

Supreme Court of Oklahoma.

Feb. 7, 1961.

Allen G. Nichols, Walter Billingsley, Wewoka, for plaintiff in error; R. D. Cox, Wewoka, on the brief.

Boatman, Pugsley & Boatman, Okmulgee, for defendant in error.

WELCH, Justice.

This is an appeal from a judgment, based on jury verdict, by the District Court of Okmulgee County, Oklahoma.

The defendant contends that the evidence introduced on behalf of plaintiff is insufficient to support the verdict of the jury.

Plaintiff filed this action as guardian of Susan H. Tiger, an incompetent person, who was owner in fee simple of the tract of land alleged to have been damaged by the defendant allowing salt water and other deleterious substances to be released from the premises northwest of the ward's land. It was alleged that the substances released were allowed to run over the land of said ward and damage same by killing bermuda grass thereon.

A chemist testified that in 1958 he obtained water samples from the land in question and that they contained enough salt to be injurious to vegetation and livestock. The plaintiff testified that the land had been in bermuda grass pasture for ten or twelve years, and that it has a crooked wet weather creek traversing it from northwest toward southeast; that he has the place rented and cultivates a part of the 160 acre tract, and is in possession of the 37 acre pasture which is in controversy. He testified that salt water killed the vegetation in the creek bed, but did not testify as to total area of land affected. In describing the manner in which the land had been damaged he claimed the 37 acres could not be used for pasture purposes for livestock, the vegetation along the creek bed had been killed, and due to lack of vegetation the creek bed had become boggy and could not be crossed with farm equipment as it could before the release of the salt water. Plaintiff further testified that he was familiar with land values in that vicinity, and that the value of the 37 acres before the salt water was released was $60 per acre, and that it has been reduced to at least one-half its value since salt water was allowed to flow through it, by acts of defendant.

We have held that the measure of damages for the permanent injury to real

property is the difference between the fair market value of the real property immediately prior to the injury, and the fair market value thereof immediately after such injury. Greis v. Harjo, 185 Okl. 474, 94 P.2d 539.

 The testimony of the plaintiff that land was worth $60 per acre before salt water was released upon it, and that its value since the release of the salt water is half that amount, is in our opinion sufficient evidence as to market value before and after damage to come within the above rule as to necessary proof of market value.

Defendant relies upon Carter Oil Co. v. Means, 180 Okl. 585, 71 P.2d 705, and Greis v. Harjo, supra, to support his argument. These cases are not in point factually, since there was no evidence as to value before and after damage in either of them.

Kilbourne v. McAllister, 179 Okl. 267, 65 P.2d 516, is cited by defendant to support his argument that plaintiff was not entitled to recover since the damages to the land were special and not pleaded. We do not disagree with the rule followed in that case, however, we do not construe that case as holding that damages of the nature as recovered in the case at bar are special damages.

In the case of Thomas et al v. Mathis, 181 Okl. 1, 72 P.2d 484, 485, we held:

"The verdict of a jury on disputed facts will not be disturbed on appeal where there is substantial evidence to establish such facts."

Here we do not have disputed facts as to the value of the property before and after the damage. The testimony concerning the value offered by the plaintiff is undisputed, and we are of the opinion sufficient to support the verdict.

Under the testimony of plaintiff, which was not disputed or contradicted, the jury might have returned a verdict for damages equivalent to one-half of the value of the 37 acre tract based on original value of $60 per acre, which would have amounted to $1,110. However, they fixed damages at $970.

Therefore we are of the opinion that the evidence was sufficient to support the verdict.

Judgment affirmed.