**Cecil COLLIS, Plaintiff-Appellant,**

v.

**ASHLAND OIL AND REFINING COMPANY a/k/a Ashland Oil, Inc., Defendant-Appellee.**

**No. 82–1448.**

United States Court of Appeals, Tenth Circuit.

Dec. 15, 1983.

Gary P. Snow, Holdenville, Okl., for plaintiff-appellant.

C. Harold Thweatt and Brooke S. Murphy of Crowe & Dunlevy, Oklahoma City, Okl., for defendant-appellee.

Before SETH, Chief Judge, LOGAN and SEYMOUR, Circuit Judges.

LOGAN, Circuit Judge.

This three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R.App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

Plaintiff Cecil Collis appeals from a judgment in favor of defendant Ashland Oil and Refining Company on Collis' claim for damages to his land and cattle from salt water pollution allegedly caused by two old wells that Ashland improperly plugged. Collis sued Ashland and another defendant in an Oklahoma state court on April 12, 1976. After the nondiverse defendant was dismissed from the case, Ashland removed it to federal court based on diversity jurisdiction. After trial, the district court instructed the jury that Ashland had committed negligence per se in improperly plugging the wells. The court submitted questions of

the statute of limitations, causation, and damages to the jury, which returned a general verdict in favor of Ashland. Collis seeks reversal of the judgment on the ground that the district judge improperly instructed the jury on the statute of limitations and improperly refused to give the instruction on that issue that Collis requested.

Ashland drilled the wells involved in this case in 1945 and 1946. Ashland plugged one of the wells immediately and the other in 1959. The evidence reveals that Collis first noticed signs of salt water pollution on his land in 1970 or 1971. Agents of the Oklahoma Corporation Commission inspected the pollution in 1972 but filed no report at that time. During 1973, the salt water pollution spread to Collis' fresh water well and rendered it unusable. By 1975, the pollution had spread to the ponds on Collis' land and Collis suffered a loss to his cattle and calf crop in that year. Agents of the Oklahoma Corporation Commission inspected the pollution again in March 1974. This inspection led to a complaint and hearing before the Commission. As a result of the hearing, the Commission ordered Ashland to replug the wells suspected of causing the pollution. The Oklahoma Supreme Court affirmed the order in *Ashland Oil, Inc. v. Corporation Commission*, 595 P.2d 423 (Okl. 1979). Ashland replugged the wells in 1979.

In submitting the statute of limitation question to the jury, the district court gave the following instruction:

"The law of the State of Oklahoma in effect during the period in question provided that this type of action can only be brought within two years after the cause of action accrues, and not afterwards.

This lawsuit was brought on April 12, 1976. Therefore, if you find that injury to plaintiff's cattle and/or an injury to plaintiff's land became obvious prior to April 12, 1974, then you must find for the defendant. If you find any such injuries became obvious after April 12, 1974, then the statute of limitations or the timeliness of filing this lawsuit is not an available defense to the defendant.

The term 'became obvious' means apparent, visible, readily understood, clear, or evident to a degree sufficient to permit the starting of an action for remedy or relief."

The court also instructed the jury that:

"If you find that the negligence of the defendant did not cause any injury or damage to the plaintiff, or if you find that the plaintiff did not bring this lawsuit within two years after any damage became obvious or apparent, as previously instructed, then your verdict shall be for the defendant as provided on the appropriate verdict form, and plaintiff recovers nothing."

Collis objected to these instructions and requested the following instruction, which was refused by the district court:

"An injury caused by salt water pollution may be either temporary or permanent. Similarly, the injury may progressively develop from one that is temporary in character to one which is permanent.

A legal claim against a person for injuries to real property by reason of salt water pollution is not barred by the statute of limitations because salt water has escaped onto such property for more than two years prior to the filing of the law suit, but the time within which such suit may be brought dates from the time the injuries are received and the damages sustained.

In an action for damages for permanent injury to real estate caused by continuing salt water pollution, the statute of limitations begins to run at the time it becomes obvious that a permanent injury has been suffered. However, in a cause where the injury grows progressively greater due to a continuation of the pollution, the statutes of limitations bars recovery only for the damages flowing exclusively from that portion of the permanent injury which was obvious more than two years prior to the commencement of the law suit."

■ In Oklahoma the two-year statute of limitations begins to run when the damage from salt water pollution "is apparent and

it becomes obvious such damage is of a permanent character." *Peppers Refining Co. v. Spivey,* 285 P.2d 228, 231 (Okl.1955). *See also H.F. Wilcox Oil & Gas Co. v. Juedeman,* 187 Okl. 382, 101 P.2d 1050, 1056 (1940). Oklahoma cases recognize the distinction in Collis' requested instruction between temporary or abatable damage and permanent damage from continuing salt water pollution. *See, e.g., Commercial Drilling Co. v. Kennedy,* 172 Okl. 475, 45 P.2d 534, 537 (1935). The third paragraph of Collis' requested instruction repeats almost verbatim the court's syllabi in *Cities Service Gas Co. v. Eggers,* 186 Okl. 466, 98 P.2d 1114, 1115 (1940), and *Commercial Drilling Co. v. Kennedy,* 45 P.2d at 535. The court held an almost identical instruction improper or at least insufficient in *H.F. Wilcox, see* 101 P.2d at 1055, 1056, when land that was already obviously permanently damaged more than two years before the plaintiff filed suit allegedly sustained additional damage during the two years preceding the filing. That court stated that recovery is only allowed for extension of injury "to an additional area of plaintiffs' land" within two years of the suit. *Id.* at 1056.

■ Although Collis' proposed instruction does not clearly indicate that once a visible permanent injury has occurred, recovery is proper only for additional territory polluted within the two year statutory period, his instruction does more accurately reflect the law than the instruction the court gave. We believe the court's instruction could have misled the jury into believing that the statute of limitations barred recovery if any injury to Collis' land became obvious more than two years before Collis brought suit. Collis admitted at trial that he knew of damage to his land as early as 1970 or 1971 and that he knew the well at his house was polluted by the end of 1973. Thus, the jury could have thought that the instruction barred Collis' recovery. The court's instruction did not clearly indicate that for purposes of the statute of limitations there is a difference between temporary damage and permanent damage. Further, the instruction failed to indicate that the statute barred recovery for pollution on land that

Collis knew or should have known was permanently damaged before April 12, 1974, but the statute did not bar recovery for additional areas polluted thereafter. Collis' evidence did not differentiate very well between lands he knew were polluted before the critical date and those which he reasonably discovered were polluted thereafter. However, he did produce some testimony that the damaged areas continued to spread after April 12, 1974. R. III, 23–24, 75–76.

We reject Ashland's argument that the instruction given to the jury was at most harmless error because the jury could have decided the case on lack of causation. A general verdict does not indicate the basis of the jury's decision. The jury could have decided against Collis on the basis of the improper statute of limitations instruction regardless of its determination on causation. Therefore, the court must retry this action with proper instructions on the application of the statute of limitations.

REVERSED and REMANDED for proceedings consistent with this opinion.