962 F.2d 18
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ronald V. YONTZ, Plaintiff-Appellee,
v.
AMF SCIENTIFIC DRILLING INTERNATIONAL, INC., Defendant-Appellant.
 Nos. 91-1025, 91-1045.
 United States Court of Appeals, Tenth Circuit.
 May 6, 1992.
 
 Before SEYMOUR and STEPHEN H. ANDERSON, Circuit Judges, and OWEN,* District Judge.
 ORDER AND JUDGMENT**
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 Plaintiff Ronald Yontz brought suit against his former employer, defendant AMF Scientific Drilling International, Inc. (AMF), alleging that his termination violated both an implied contract not to discharge him except by procedures set forth in an employee manual and an express oral contract to promote him. The jury returned a general verdict for Yontz. The district court subsequently denied AMF's motion for judgment not withstanding the verdict and, alternatively, for a new trial.
 
 
 2
 AMF appeals those denials, arguing there was insufficient evidence to support a jury verdict for Yontz on either contract claim and Yontz cross-appeals the denial of his post-trial motion to alter or amend the judgment to allow prejudgment interest.
 
 
 3
 We find that there was insufficient evidence to support a verdict of breach of an implied contract not to discharge Yontz except in accordance with the employee manual procedures. Although we also find there was sufficient evidence to support a verdict of breach of an oral contract to promote, where, as here, the jury returned a general verdict which may have favored either of the two claims, we are compelled to reverse and remand for a new trial. Because of our disposition on this issue, we need not address the issue of prejudgment interest.
 
 I.
 
 4
 Yontz began working for AMF's predecessor in 1976 and was eventually promoted to Division Manager for the Rocky Mountain Division based in Denver, Colorado. In 1983, Yontz's salary and position were reduced. He alleges that at or about that time his supervisor, Bill Minnett, told him that the general manager of AMF, Gene Durocher, promised that Yontz would get the next available sales manager position and a return to his prior salary level. Ultimately, another person was placed in the next available sales manager position, and in 1986 Yontz was laid off when AMF closed its Denver Sales Office.
 
 
 5
 Yontz sued AMF, alleging that AMF's failure to promote him to the next available sales manager position was a breach of an express oral contract and that his termination by AMF was a breach of contract as established by AMF's "reduction of work-force policy" in its employee manual. Yontz also alleged that he was discriminated against by reason of race, in violation of Title VII.
 
 
 6
 The breach of contract claims were tried to a jury which returned a general verdict in favor of Yontz. The Title VII claim was tried to the court, which found in favor of AMF. The district court denied AMF's motion for judgment notwithstanding the verdict on the contract issues or, alternatively, a new trial.[1] Jurisdiction is based on 28 U.S.C. §§ 1291, 1332.
 
 II.
 
 7
 Although the underlying cause of action is governed by the substantive law of Colorado in this diversity action, the required strength of the evidence to warrant a judgment notwithstanding the verdict is governed by federal law. Hurd v. American Hoist & Derrick Co., 734 F.2d 495, 498 (10th Cir.1984). On appeal, we employ the same standard of review as the trial court. Joyce v. Atlantic Richfield Co., 651 F.2d 676, 680 (10th Cir.1981). The standard for determining whether to grant a motion for judgment notwithstanding the verdict is whether there is evidence upon which the jury could properly find a verdict for the party opposing the motion. The court must view the evidence most favorably to the party against whom the motion is made and give that party the benefit of all reasonable inferences from the evidence. Brown v. McGraw-Edison Co., 736 F.2d 609, 612-13 (10th Cir.1984) (citations omitted). The trial court's denial is error only where "there is no evidence or dispute or the evidence, although in conflict, is of such a conclusive nature that if a verdict were reached in favor of the party, judicial discretion would require that it be set aside." Ford Motor Credit Co. v. Milburn, 615 F.2d 892, 894 (10th Cir.1980) (quoting Continental Oil co. v. Natrona Ser., Inc., 588 F.2d 792, 800 (10th Cir.1978)).
 
 
 8
 A motion for a new trial is committed to the informed discretion of the district court. In reviewing the denial by the district court of a motion for a new trial, we do not make a de novo determination of the sufficiency or weight of the evidence. Appellate inquiry is limited to whether the district court's refusal to set aside the jury's verdict and order a new trial constitutes a manifest abuse of discretion. Paz v. Carman Indus., 860 F.2d 977, 979 (10th Cir.1988).
 
 
 9
 A. Contract Claim Based on The Employee Manual
 
 
 10
 Under Colorado law, an employee who is hired for an indefinite period of time is an "at will employee," whose employment may be terminated by either party without cause and without notice, and whose termination does not give rise to a cause of action. Continental Air Lines, Inc. v. Keenan, 731 P.2d 708, 711 (Colo.1987). However, an employee manual may alter at-will employment, and provisions of the manual may create an enforceable contract. Tuttle v. ANR Freight Sys., Inc., 797 P.2d 825, 827 (Colo.App.1990). Colorado adopts neither the rule that an employee manual automatically becomes part of the employment contract, nor the rule that such manuals are no more than unilateral expressions of general company policies which have no bearing on the employee's contractual rights. Continental Air Lines, Inc. v. Keenan, 731 P.2d at 711. In Colorado, provisions in an employee manual may become part of the employment contract under either of two theories. Id.
 
 
 11
 The first is a theory of offer and acceptance, under which the employee must demonstrate that in promulgating the employee manual provisions, the employer was making an offer to the employee--that is, the employer manifested his willingness to enter into a bargain in such a way as to justify the employee in understanding that his assent to the bargain was invited by the employer and that the employee's assent would conclude the bargain. The employee's initial or continued employment constitutes acceptance of and consideration for the observance of those provisions. Id. at 711-12 (citations omitted).
 
 
 12
 The second theory under which an employee may enforce provisions set out in an employee manual is that of promissory estoppel. Under this theory, the employee must demonstrate that the employer should reasonably have expected the employee to consider the employee manual as a commitment from the employer to follow its provisions, that the employee reasonably relied on the provisions to his detriment, and that injustice can be avoided only by enforcement of the provisions. Id. at 712; see also Churchey v. Adolph Coors Co., 759 P.2d 1336, 1349 (Colo.1988).
 
 
 13
 In this case, Yontz claims that AMF's employment manual became part of his employment contract under the offer and acceptance theory. The employment manual stated:
 
 
 14
 In a permanent reduction in force, the company will consider length of service, job skills, classification and job performance. Employees who are permanently laid off may ask their supervisors to explain the procedure used to determine which employees were laid off. If the employees do not receive what they feel is a satisfactory explanation, they may then inquire at the human resources department.
 
 
 15
 Appendix to Opening Brief of Plaintiff-Appellant at Tab 13. Yontz maintains that his acceptance of the reduction in work force policy was evidenced by his continuing employment with AMF. Further, Yontz claims that AMF breached its contract to consider the factors listed in the employee manual because "[w]ith the possible exception of job performance, there was no evidence that the managers who decided that Yontz would be laid off considered the promised factors at any point in making the decision." Reply and Answer Brief of Plaintiff-Appellant at 8 (footnote omitted.)
 
 
 16
 AMF argues that the manual was not an offer to change Yontz's at will employment contract, but rather set forth only general guidelines that were too vague to form a contract. We agree.
 
 
 17
 The Colorado Supreme Court has held that an "offer must not merely be complete in terms, but the terms must be sufficiently definite to enable the court to determine whether the contract has been performed or not." Stice v. Peterson, 144 Colo. 219, 223, 355 P.2d 948, 952 (1960) (citing Newton Oil Co. v. Bockhold, 115 Colo. 510, 518, 176 P.2d 904, 908 (1946), cert. denied, 331 U.S. 784 (1947)). The alleged promise in the employment manual "to consider" certain factors in making termination decisions is too indefinite to constitute an offer. Webster's Third New International Dictionary 483 defines "consider" in the following ways: "1: to reflect on, to think about with a degree of care or caution; 2: to think of, regard, or treat in an attentive, solicitous or kindly way." One may consider factors without any demonstrative or manifested behavior, making it impossible for the court to determine if AMF had "considered" as promised. The word "consider" is simply too vague and indefinite to convey anything meaningful and definite to either employer or employee. It is insufficient as a matter of law to create a contract concerning reduction in force procedures. Therefore, the employee manual did not constitute an offer and did not change the at will employment contract.
 
 
 18
 Since, as a matter of law, the employee manual did not alter Yontz's at will employment contract with AMF, there was insufficient evidence upon which a jury could properly find a verdict for Yontz based on breach of an implied contract. Therefore, we hold that the motion for judgment notwithstanding the verdict was improperly denied on the implied contract claim.
 
 B. Express Contract Claim
 
 19
 AMF argues that there was insufficient evidence for the jury to properly find that an express oral contract was formed, by which AMF agreed to promote Yontz to the next available sales manager position. Specifically, AMF objects to Yontz's testimony that his supervisor, Minnett, told him that general manager Durocher promised that Yontz would get the next available sales manager position and a return to his prior salary level. AMF claims this was pure hearsay and therefore should not have been admitted to evidence. AMF claims that without this testimony, there is no basis for any alleged oral contract. The district court overruled AMF's objection on the ground of Fed.R.Evid. 801(d)(2).
 
 
 20
 The decision to admit or exclude evidence is within the sound discretion of the district court, and on appeal, reviewable only for abuse of discretion. United States v. Rodriguez-Pando, 841 F.2d 1014, 1018 (10th Cir.1988). We hold that the district court did not abuse its discretion when it overruled AMF's objection to Yontz's testimony.
 
 
 21
 Fed.R.Evid. 801(d)(2) provides in pertinent part:
 
 
 22
 [a] statement is not hearsay ... if the statement is offered against a party and is (A) the party's own statement in either an individual or a representative capacity, or ... (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship.
 
 
 23
 Both parties concede that the statement allegedly made to Minnett by Durocher is a party admission under Fed.R.Evid. 801(d)(2)(A), and therefore is not hearsay. However, it is Minnett's statement to Yontz that AMF argues is hearsay, and should not have been admitted. Yontz claims that Minnett's statement is admissable under Fed.R.Evid. 801(d)(2)(D). We agree.
 
 
 24
 This court has outlined a three-part test in order for a statement to be admissable under 801(d)(2)(D): (1) the party must establish the existence of the employment relationship independent of the declarant's statement offered as evidence; 2) the statement must be made during the existence of the declarant's agency or employment; and 3) the statement must concern a matter within the scope of declarant's employment. Boren v. Sable, 887 F.2d at 1032 (10th Cir.1989) (citations omitted).
 
 
 25
 It is undisputed that Minnett was Yontz's supervisor and that his alleged statement was made during the existence of Minnett's employment with AMF. AMF argues that Yontz failed to demonstrate that Minnett was acting within the scope of his employment when he allegedly made the statement to Yontz. However, under the third part of the Boren test, it was not necessary to show that Minnett was acting within the scope of his employment, but rather that his statement concerned a matter within the scope of his employment. A supervisor is generally expected to relay messages from the company or a general manager to an employee. Therefore, because Minnett was Yontz's supervisor, and because Minnett was allegedly relaying a message from Durocher regarding Yontz and Yontz' employment, the statement concerned a matter within the scope of Minnett's employment and was not hearsay under 801(d)(2)(D).
 
 
 26
 Since neither statement is hearsay under Fed.R.Evid. 801(d)(2), the district court did not abuse its discretion in admitting Yontz's testimony, and his testimony provided sufficient evidence to defeat a motion for judgment notwithstanding the verdict on the oral contract claim.
 
 
 27
 C. General Verdict Where There Are Multiple Theories of Recovery
 
 
 28
 AMF argues that when a jury renders a general verdict based on multiple causes of action, the verdict cannot be sustained if one or more of the causes is not supported by the evidence. We agree. Where, as here, a general verdict may rest on more than one claim, it is not possible to determine which theory was the basis of the jury's verdict and the judgment must be reversed. See Sunkist Growers, Inc. v. Winckler & Smith Citrus Products Co., 370 U.S. 19, 29-30 (1962); United New York and New Jersey Sandy Hook Pilots Ass'n. v. Halecki, 358 U.S. 613, 619 (1959); Farrell v. Klein Tools, Inc., 866 F.2d 1294, 1299 (10th Cir.1989); Collis v. Ashland Oil and Refining Co., 722 F.2d 625, 627 (10th Cir.1983).
 
 CONCLUSION
 
 29
 For the foregoing reasons, we REVERSE and REMAND for a new trial. Because of our disposition of this case, we elect not to reach the prejudgment interest issue.
 
 
 
 *
 Honorable Richard Owen, United States District Court for the Southern District of New York, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The Title VII judgment was not appealed