## MAGNOLIA PETROLEUM CO. et al. v. JONES.

No. 27532. June 20, 1939.

said crop, the market value of the same when matured, less the probable cost of cultivation, as well as the cost of gathering, preparation and transportation to market, and for such work and labor, you find was occasioned by the pollution of the water in Dry creek, in providing water for his stock during the period covered by this suit, not to exceed the sum sued for. * * *"

The correct measure of damages due to loss or destruction of growing crops is stated in Garret v. Haworth (1938) 183 Okla. 569, 83 P.2d 822, as follows:

"In an action for damages for injury to growing crops, the measure of damages is the value of the unmatured crops at the time of the injury. In arriving at such value, it is proper to show by evidence the probable yield under proper cultivation, and the value of such probable yield when matured, gathered, prepared, and ready for sale; also the probable cost of proper cultivation necessary to mature the crop, as well as the costs of gathering, preparation, and transportation to market. The difference between such probable value in the market and cost of finishing the cultivation, and gathering, preparing and transportation to market, will represent the value at the time of loss."

See, also, Chicago, R. I. & P. Ry. Co. v. Johnson (1910) 25 Okla. 760, 107 P. 662; M., O. & G. Ry. Co. v. Brown (1913) 41 Okla. 70, 136 P. 1117, 50 L. R. A. (N. S.) 1124.

While the trial court improperly included the expense of replanting as an item to be considered in assessing plaintiff's damage, the verdict, having been rendered on conflicting evidence and not being excessive, will not be set aside, for the reason that the defendants failed to request the giving of a correct instruction, but contented themselves with an exception to the instruction as given. Plaintiff's evidence, if believed by the jury, was sufficient to sustain a verdict for a much larger amount without consideration of this improper item, and where under any possible view of the law and evidence the plaintiff was entitled to recover at least the amount of the verdict rendered, it will not be set aside because of erroneous instructions as to items of damages. Commercial Drilling Co. v. Kennedy (1935) 172 Okla. 475, 45 P.2d 534; Oklahoma City v. Page (1931) 153 Okla. 285, 6 P.2d 1033.

Blakeney, Wallace, Brown & Blakeney and R. H. Brown, for plaintiff in error.

H. B. Lockett, for defendant in error.

HURST, J. This action was brought by plaintiff, S. E. Jones, against the defendants for damages caused by pollution of a stream by the discharge therein of oil and salt water from defendants' wells. Plaintiff rented the lands traversed by the stream with knowledge of its polluted condition, and sued for damages to crops, and for expense of watering stock kept by him. The jury rendered a verdict for plaintiff in the sum of $500, and defendants appeal.

1. Defendants' first contention is that the trial court erred in giving instruction No. 10 upon the wrong theory of the measure of damages. That instruction told the jury that:

"* * * in arriving at the amount of damages, you may consider the expense of replanting his crops, the probable yield of

2. Under their second proposition defendants assert that a tenant whose rental is payable out of crops raised cannot sue for the loss of such crops without joining his landlord. They concede that this court,

in Empire Gas & Fuel Co. v. Denning (1927) 128 Okla. 145, 261 P. 929, held otherwise, but urge that such holding is contrary to the weight of authority. We are not impressed with the arguments advanced, and decline to overrule that case.

3. Defendants next contend that the court erred in submitting to the jury plaintiff's claim for the expense of watering his stock, for the reason that the plaintiff admitted he knew of the unfitness of the stream for stock water at the time he rented the land traversed by it, due to the infusion of salt water, and cite numerous cases holding that one who leases land with knowledge that it is subject to injury by reason of a permanent condition on adjoining premises cannot recover for damage to crops occasioned thereby. In other words, they urge that one "coming to a nuisance" cannot complain thereof. Without deciding whether plaintiff should recover for the expense incurred in watering stock, when he knew of the unfitness of the stream for stock water before or at the time he rented the land, we hold that, in the absence of a requested instruction correctly stating the proper elements of damage, or of any showing that the verdict of the jury was excessive, the error of the trial court in submitting this item to the jury is not ground for reversal, for the reasons stated in our discussion of the first proposition urged by defendants. Oklahoma City v. Page, supra; City of Holdenville v. Kiser (1937) 179 Okla. 216, 64 P.2d 1223.

4. In their fourth and last proposition defendants assert the insufficiency of the evidence to sustain the verdict. Defendants demurred to plaintiff's evidence in chief, and when the demurrer was overruled introduced evidence on their behalf. They did not renew the demurrer at the close of the case, nor did they request a directed verdict. Therefore, under the repeated holdings of this court, we cannot consider this contention. Local Bldg. & Loan Ass'n v. Hudson-Houston Lbr. Co. (1931) 150 Okla. 44, 3 P.2d 156; Graf Packing Co. v. Pelphrey (1935) 171 Okla. 416, 42 P.2d 889.

Judgment affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, CORN, GIBSON, and DANNER, JJ., concur. OSBORN and DAVISON, JJ., absent.