## GRIPE et al. v. HATMAKER.

No. 29461. Sept. 16, 1941.

*116 P. 2d 973.*

Abernathy & Abernathy, G. C. Abernathy, and Kenneth Abernathy, all of Shawnee, for plaintiffs in error.

Goode & Goode, of Shawnee, W. E. Wells, of Prague, and Chas. E. Wells, of Shawnee, for defendant in error.

ARNOLD, J. This is an action for damage to crops and to land allegedly caused by a landowner in diverting surface waters from their natural drainage location on his land onto the land of the adjoining owner. This trial resulted in a verdict in favor of F. W. Hatmaker, plaintiff, in the amount of $500, from which judgment Charles A. Gripe and Mary Gripe Bohn, defendants, appeal. The parties will be referred to as they appeared in the trial court.

The defendants' sole contention is that the evidence is not sufficient to sustain the verdict, whether it be for crop damage or permanent damage to the real estate.

We consider first the question of whether or not the evidence, as to damage to the crops, is sufficient to sustain a verdict.

In Bowles v. Brown, 187 Okla. 264, 102 P. 2d 837, this court held in paragraph 4 of the syllabus:

"In an action for damages for injury to growing crops, the measure of damages is the value of the unmatured crops at the time of the injury. In arriving at such value, it is proper to show by evidence the probable yield under proper cultivation, and the value of such probable yield when matured, gathered, prepared, and ready for sale; also the probable cost of proper cultivation necessary to mature the crop, as well as the cost of gathering, preparation, and transportation to market. The difference between such probable value in the market and the cost of finishing the cultivation, and gathering, preparing and transportation to market, will represent the value at the time of loss."

See, also, Garrett v. Haworth, 183 Okla. 569, 83 P. 2d 822, and the other cases to the same effect.

318

An examination of the record in this case, in the light of the above rule, discloses that the evidence as to crop damage is insufficient in that it did not show anything with regard to the expense of cultivating, harvesting, transporting, and marketing the same. The evidence does not disclose whether or not the damaged crops were matured at the time of the overflows, or were grown wholly or partly thereafter. However, it does disclose that such crops were in the field at the time of the injury. The evidence, as to the damage to crops, merely shows market value thereof per bushel or bale. The trial court properly instructed the jury as to the measure of damage to crops in conformity with the above-stated rule. The evidence is sufficient to establish the effect of the overflows, the crops destroyed, and the market value thereof. However, without any proof as to the cost of harvesting and marketing, it is wholly insufficient. The error was properly preserved by a demurrer to the evidence and a requested instruction for a directed verdict. Bowles v. Brown, supra.

The defendants also contend that the evidence as to permanent damage to real property is not sufficient to sustain a verdict.

In Gries v. Harjo, 185 Okla. 474, 94 P. 2d 539, this court held as follows, in syllabus 1:

"The measure of damage for the permanent injury of real property is the difference between the fair market value of the real property immediately prior to the injury, and the fair market value thereof immediately after such injury."

See, also, Mid-Continent Petroleum Corp. v. Fisher, 183 Okla. 638, 84 P. 2d 22, and the many other cases to the same effect.

The trial court properly instructed the jury in conformity with the holdings of this court as to the measure of damage for permanent injury of real property.

Considering the testimony of the plaintiff, in the light of the above rule, there is some evidence tending to show a difference between the fair market value just before and just after the overflows complained of. Although this evidence is subject to some criticism, we think it sufficient to show a difference between the fair market value just before and just after the overflows, and is, therefore, sufficient to sustain a jury verdict for the plaintiff.

The verdict of the jury did not separate the damage to the crops and the damage to the real estate. The defendants do not contend that the evidence is insufficient to sustain a verdict in the amount of $500, but do contend that there was no competent evidence as to either crop damage or permanent damage to the real property upon which to sustain a verdict. Even though, as above set forth, the evidence of crop damage was insufficient, the evidence of permanent damage to the land tended to show damages in excess of the amount of the verdict, and it will, therefore, be assumed that the verdict was for permanent damages to the land only. Magnolia Petroleum Co. v. Jones, 185 Okla. 309, 91 P. 2d 769.

Affirmed.

WELCH, C. J., CORN, V. C. J., and OSBORN, BAYLESS, GIBSON, and DAVISON, JJ., concur. HURST, J., concurs in conclusion. RILEY, J., absent.