## MOHAWK DRILLING CO.
### v.
### BIFFLE et al.
### No. 35422.

Supreme Court of Oklahoma.

April 27, 1954.

Rehearing Denied June 8, 1954.

Ram Morrison, Oklahoma City, for plaintiff in error.

W. T. Anglin, Alfred Stevenson and O. S. Huser, Holdenville, for defendants in error.

PER CURIAM.

Jeff and Elba Biffle, hereinafter referred to as plaintiffs, brought suit in the District Court of Hughes County against Mohawk Drilling Company, hereinafter referred to as defendant, on two causes of action. The first cause of action was for the recovery of damages to plaintiffs' land resulting from alleged negligent and unlawful acts of the defendant and the second cause of action was for the recovery of rental which plaintiffs claimed defendant had agreed to pay for the use of a part of plaintiffs' land as a supply depot. The jury returned a verdict for the plaintiffs in the amount of $1,400 on their first cause of action and for the defendant on the plaintiffs' second cause of action. The defendant there-

upon moved for the trial court to order a remittitur of $550 or in the alternative to grant a new trial on plaintiffs' first cause of action. From the trial court's refusal to sustain said motion in either respect, the defendant prosecutes this appeal. No appeal was taken by the plaintiffs from the jury's verdict on their second cause of action.

The material facts, which for the most part were undisputed are these: Plaintiffs were the owners of an 80-acre tract of land in Hughes County consisting of approximately 35 acres of hill land or upland and approximately 45 acres of bottom land; the defendant was the owner of an oil and gas lease covering said 80 acres and also owned an oil and gas lease covering land adjoining plaintiffs' land on the north and an oil and gas lease covering land adjoining plaintiffs' land on the south; each of the three leases was a producing lease; during the year of 1949, salt water in considerable quantities escaped from defendant's ponds and pits located on plaintiffs' land and flowed upon and across the latter's land; salt water also escaped from defendant's ponds and pits located on each of the adjoining leaseholds and flowed upon and across plaintiffs' land; as a result of the salt water flowing upon and across plaintiffs' land several pecan trees, a small strawberry patch, several young peach trees, a corn crop, and grasses were destroyed and a portion of plaintiffs' land rendered barren; in addition the defendant, in constructing roads on plaintiffs' land to be used by defendant in the operation of its lease on plaintiffs' land and its lease on the land to the north, obtained dirt therefor by digging out sizeable depressions in plaintiffs' land and also elevated said roads above the normal level without providing ditches or culverts for drainage purposes, the result of such action on the part of the defendant in constructing said roads being to entrap or impound for long periods of time not only the escaping salt water but also surface waters of all types.

The defendant bases its appeal upon alleged error of the trial court in refusing to give its requested instructions, Nos. 3, 4 and 5, in erroneously giving the court's instruction No. 9, in failing to properly instruct the jury on the correct measure of damages, in allowing incompetent witnesses to testify and in allowing incompetent evidence to be considered by the jury. The defendant admits plaintiffs' land was damaged and that plaintiffs were entitled under the evidence to damages in the amount of $850 for permanent injury to their land. However the defendant contends the jury was allowed to consider as elements of damage the normal burdens of the leasehold, such as location damages and damages resulting from the construction of roads, as well as damages from temporary injury, such as loss of the corn crop and loss of the use of surface areas impounded with water, even though no evidence with regard to the extent of such damages was offered by plaintiffs.

With the defendant's contention that the jury was allowed to consider the normal leasehold burdens as proper items of damage and that the trial court erred in refusing to grant defendant's requested instruction No. 4 covering such items, we cannot agree. In its instructions No. 8 and No. 10 the trial court correctly and specifically instructed the jury relative to the defendant's right to use plaintiffs' land in the operation of its leasehold. Nor do we find error in the trial court's refusal to give defendant's requested instruction No. 3, which was merely a definition of the term permanent when used in connection with injury to land. The trial court correctly instructed the jury on the measure of damages in the case of permanent injury to land although never specifically mentioning the term "permanent injury" throughout its instructions. The defendant made no request for an instruction relative to the meaning or definition of the term temporary when used in connection with temporary injury to land nor did it ask for an instruction on the measure of damages in case of temporary injury to land. By its requested instruction No. 5 the defendant asked the Court to limit the jury to a finding of damages for permanent injury to the land. Under the circumstances, there

being no evidence as to the extent of any damage other than damages for permanent injury to the land, it will be presumed the jury limited its finding on damages to permanent injury to the land. Gripe v. Hatmaker, 189 Okl. 317, 116 P.2d 973; Magnolia Petroleum Co. v. Jones, 185 Okl. 309, 91 P.2d 769; Carter Oil Co. v. Jackson, 194 Okl. 621, 153 P.2d 1013.

There appears to be no material disagreement relative to the trial court's instruction on the measure of damages for permanent injury to land as covered by the court's instruction No. 9, but the defendant contends the following portion of the court's instruction No. 9.

"You are therefore instructed that if you find by a preponderance of the evidence that the defendant did permit salt water, oil, basic sediment, and other deleterious substances to escape from their salt water pits and that such salt water or other deleterious substances flowed into and on the land of the plaintiffs thereby damaging the land of plaintiffs as alleged in their petition, or that the defendant, in the building of roads over the bottom land, constructed them in a manner which caused water to be impounded upon said land and prevented the water from flowing off the premises, causing said land to become useless and valueless to the plaintiffs for cultivating purposes and thereby damaging the plaintiffs by reason of such operations of the defendant, then your verdict must be for the plaintiffs on their First Cause of Action and against the defendant, for such amount as you believe will fairly compensate the plaintiffs for such injury and damage to said land,"

allowed the jury to consider the non-permanent injuries as well as the permanent injuries to plaintiffs' land as though there was but one single item of damage and in so doing allowed the plaintiffs to obtain a double recovery, one for permanent injuries and one for non-permanent injuries. The defendant contends the damage re-

sulting from the impounded water and the damage to the corn crop are damages for non-permanent or temporary injuries. There is some merit to this contention. However, examination of the record discloses that the impounded water was not exclusively surface water but also the salt water which had escaped from the defendant's ponds or pits, and further, that the impoundment resulted not only by reason of the absence of culverts or drainage ditches along or under the elevated roads but also from the fact that holes or gouges had been made in the surface of the plaintiffs' land by the defendant in obtaining dirt for the construction of its roads. The record is silent relative to the possibility of abating such conditions. It is quite possible that the jury considered the injury to the land resulting from these factors to have been permanent; especially is this possible when one considers the court's reference in said instruction No. 9 to the finding by the jury that the defendant's actions caused said land to become "useless and valueless" for cultivating purposes.

Inasmuch as the defendant made no request for any specific instruction which would allow the jury to distinguish the fine line between permanent and non-permanent injuries under such a set of facts, we feel the defendant has no cause for complaint. In this respect this case falls within the scope of Midland Valley R. Co. v. Price, 127 Okl. 106, 260 P. 26, and cases cited therein, as stated in paragraph 5 of the syllabus thereto, "Where the instructions of the court do not cover special theories or defenses raised in the trial of the cause, counsel is bound to call the court's attention to the omission by an appropriate request for additional instructions, or he will be precluded from making such failure available as reversible error." And to the same effect, see Magnolia Petroleum Co. v. Jones, supra, and Commercial Drilling Co. v. Kennedy, 172 Okl. 475, 45 P.2d 534.

In respect to the inclusion of the destroyed corn crop as an item of permanent injury this court has heretofore held

in Gripe v. Hatmaker, supra, that in an action for damages to crops and land, where the evidence tended to show damage to land in excess of the amount of the jury's verdict, it will be assumed on appeal that the verdict was for permanent injury to the land and the judgment based thereon will not be reversed because the evidence as to damage to the crops is insufficient.

Although there may have been inaccuracies in the trial court's instructions in that the jury was not advised of a distinction between permanent and temporary injuries, we find from the record that there was ample and competent evidence to sustain the permanent injury alleged and that the verdict was not excessive. If the defendant was aggrieved by any inaccuracy in the court's instructions, it was, at least, in part, the result of the defendant's failure to request instructions which would have clarified any such inaccuracy. We do not feel that the defendant's requested instructions tended in any appreciable degree to do this. The defendant was admittedly responsible for the injuries suffered by plaintiffs. In such a case, where under any possible view of the law and the evidence the plaintiff is entitled to recover at least the amount of the verdict as is true here, the judgment based on that verdict will not be set aside because the court's instructions may not have accurately defined the measure of damages. Commercial Drilling Co. v. Kennedy, supra, and cases cited therein; also Magnolia Petroleum Co. v. Jones, supra.

The judgment is affirmed.

This court acknowledges the services of Attorneys Richard H. Wills, O. L. Lupardus and ·B. C. Franklin, who as Special Masters aided in the preparation of this opinion. The attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the ·Court.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, DAVISON, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.