Wayne HART and Mrs. Wayne Hart,
Plaintiffs in Error,

v.

STARNES LUMBER COMPANY,
A Corporation, Defendant
in Error.

No. 36455.

Supreme Court of Oklahoma.

Oct. 25, 1955.

Rehearing Denied Nov. 22, 1955.

·Tom Finney, and William N. Christian, Idabel, for plaintiffs in error.

Arnett & LeForce, Idabel, for defendant in error.

BLACKBIRD, Justice.

This appeal involves a controversy arising out of defendant in error's building of a home for plaintiffs in error, who are husband and wife. Defendant in error agreed to furnish the materials for, and build, the house for $9,000. Plaintiffs in error paid part of this sum, and when they failed and refused to pay the rest, defendant in error, as plaintiff commenced the present action against plaintiffs in error as defendants, to recover the balance of $1,030.-21 claimed to be due for materials it had furnished in the construction of said home, and an additional item of $28 for repairing certain damages to the roof of the house caused by a storm. In addition to the money judgment it sought in the total sum of $1,058.21, plaintiff claimed a materialman's lien for the $1,030.21, and prayed for foreclosure thereof, together with a reasonable attorney's fee in a stated amount. Our continued reference to the parties will be by their trial court designations of "plaintiff" and "defendants."

Defendants' answer to plaintiff's petition was a general denial that they were indebted to plaintiff in any sum and allegations to the effect that the house, and more specifically the roof, one wall and one ceiling, had not been constructed in a workmanlike manner nor within a reasonable time. Upon allegations to the effect that in these respects, plaintiff had failed to fulfill the contract, defendants alleged damages, for which they asserted counterclaims as follows: $675 on account of the roof, $300 on account of the wall, $200 on account of the ceiling, and $300 for the reasonable value of other quarters defendants alleged they had been compelled to occupy while awaiting completion of the house.

At the close of the evidence, the parties stipulated that the amounts to be allowed defendants on their counterclaims for damages on account of the defective wall and the one ceiling involved were $25 and $50, respectively. Thereafter, the jury was excused from the court room to go view the premises under specific instructions that its determination of defendants' damages, if any, was limited to those caused by the allegedly defective roof, and the delay, if any, in plaintiff's completion of the house. After so viewing the premises and returning to the court room, where the cause was apparently submitted to it in a regular manner, the jury returned a general verdict for plaintiff in the sum of $833.21. From the judgment entered in accord with said verdict defendants lodged the present appeal.

Under the second proposition in their briefs, defendants argue that there is no evidence in the record to sustain a net recovery for plaintiff in the amount fixed by the verdict and judgment; and, in their first proposition, they charge that the trial court erred in entering judgment for the full amount of the verdict, without deducting therefrom the $75 for the two items of defendants' claimed damages, that were fixed by the stipulation hereinabove referred to.

Their contention, in the latter connection, seems to be that since the jury was relieved by this stipulation, and the court's instructions with reference thereto, of the task of determining the amount of defendants' damages from these two causes, it could not, and did not, consider said amount, or deduct it from plaintiff's total entitlement, and thus, by its verdict, arrive at the net amount plaintiff should recover from defendants. We find no basis, either in the stipulation, or the instructions given the jury before it went to view the premises, or afterwards, for attributing to the verdict, the incorrectness urged by defendants. As we read the instructions referring to defendants' damages from the condition of the wall and ceiling, they merely relieved the jury, pursuant to the parties' stipulation, from determining the amount that should be allowed defendants for these two items; and in no manner had the effect of preventing the jury from deducting this amount from whatever amount it found plaintiff was entitled to on its causes of action against defendants. By deducting the amount, to which defendants were entitled by reason of their various counterclaims, from the amount it found defendants owed plaintiff, the jury was enabled to incorporate their findings in favor of

both parties in one verdict, without the necessity of specifying each in separate verdicts.

■ In their briefs, defendants concede that the evidence was sufficient to warrant the jury in finding plaintiff's entitlement on its asserted causes of action to be $1,058.-20, or the full amount claimed. They say, however, that there is no way to explain or justify the jury's verdict for $225 less than that amount, either on the basis of defendants' entitlement to damages for delay in the house's completion, or to damages for its defective roof. They argue that, on the basis of the evidence, defendants' damages could not have been as much as $225 for the first, nor less than $600 for the last, of these items. They urge application of the rule that when a verdict and judgment cannot be justified under any view of the evidence, it is a nullity and should be vacated as such. We do not think such a rule applies here. While it is true that one witness estimated the cost of repairing the roof at $225 per "square", and further testified that the entire roof contained twenty-four squares and, that in his opinion, it would be necessary, in order to properly remedy its condition, to take all the chat, tar or asphalt, and roofing paper from the entire roof and spread a new covering on it, other witnesses gave testimony to the effect that only portions of the roof would have to be repaired; and the jurors, in going to view the premises, presumably had the opportunity of formulating their own opinion as to just how much the defendants had been damaged by reason of the condition of the roof. Defendants contend neither that it was error to allow the jury to view the premises, nor that the information obtained by their view could not be considered in connection with the testimony on that subject, in arriving at defendants' damages. In this connection, see 53 Am. Jur., Trial, sec. 451, and 89 C.J.S., Trial, § 464, and the cases cited in the footnotes thereto. In the recent case of Elk City v. Rice, Okl., 286 P.2d 275, we refused to hold error the denial of plaintiff's motion for directed verdict in the sum of $8,000, where the jury, upon viewing the land involved, presumably had the opportunity of arriving at its own conclusion as to how much of plaintiff's land had been eroded. Here, the jury might well have concluded that it was not necessary to allow defendants an offset of nearly as much as $600 against plaintiff's entitlement of $1,058.21, in order to compensate them for the defective condition of the roof or portions thereof. It appears likely that in addition to the $75 for repairs to the one ceiling and wall, the jury decided that $150 would be sufficient to compensate defendants for the condition of the roof. Of course, this is a matter of speculation, but it demonstrates at least one hypothesis upon which the verdict could be justified. It also demonstrates that the verdict and judgment here are not subject to the rules announced in Choi v. Turk, 55 Okl. 499, 154 P. 1000, and Maly v. Lamerton, 113 Okl. 168, 240 P. 716, cited by defendants. In this connection, see Cole v. Harvey, 200 Okl. 564, 198 P.2d 199. Nor, as above indicated, can the verdict and judgment be said to be without sufficient evidence to support them.

■ In the present case, there was evidence sufficient to have warranted the jury in finding the defendants entitled either to no offset for damages to the roof and delay in the completion of the house, or to a major portion, or to a smaller portion, of the amount they sought for these items. In this situation, the fact that the jury allowed defendants an offset of less than it might have, on one or both of these items, furnishes them no grounds for reversal. In this connection, see Shell Petroleum Corp. v. Kent, 187 Okl. 637, 105 P.2d 230; Gripe v. Hatmaker, 189 Okl. 317, 116 P.2d 973; 5 C.J.S., Appeal and Error, § 1567a, note 86. It is elementary that defendants cannot complain of a judgment for plaintiff in an amount less than would have been possible under the pleadings and evidence. Swisher v. Clark, 202 Okl. 25, 209 P.2d 880. Nor can a like complaint by plaintiff be considered, since it has filed no cross-appeal.

In view of the foregoing, the judgment of the trial court is affirmed.