**V. L. OLMSTEAD and Fauna Olmstead,
d/b/a 4-States Aerial Service,
Plaintiffs in Error,**

v.

**M. E. REEDY and Gusta Reedy,
Defendants in Error.**

No. 40219.

Supreme Court of Oklahoma.

Nov. 26, 1963.

Armstrong, Burns & Baumert, by J. E. Burns, Ponca City, Richard James, Stroud, for plaintiffs in error.

P. D. Erwin, Chandler, for defendants in error.

WILLIAMS, Justice.

Defendants in error instituted this action to recover damages from plaintiffs in error. Hereinafter reference to the parties will be made as in the trial court. Plaintiffs, for their cause of action, alleged that defendants, while spraying certain lands adjoining those of plaintiffs with pesticide, permitted same to drift onto plaintiffs' property, thereby injuring their growing crops, pecan trees, shade trees and ornamental shrubs.

In 1961 the Legislature enacted a statute of provision that it should be unlawful for any person to do business or engage in custom application of pesticides without a permit from the State Board of Agriculture, hereinafter referred to as "Board," and that such permit should not be issued or renewed or be valid unless the "applicator" should have filed with such Board a corporate surety bond guaranteeing that he would answer in damages if any person were injured by his application of pesticide to or drifting of same to plants, animals, or property. See 2 O.S.1961 § 3–82(a), (d).

Such Title 2 O.S.1961 § 3–82 further provides in pertinent part (sub-section (d) ) as follows:

" * * * The posting of such bond shall not relieve the person for whom the custom application of pesticides was made from any liability to which he may be subject. No action for such damages may be brought or maintained, however, unless the person claiming the damages shall have filed with the Board a written statement of damages, on a form prescribed by the Board, within sixty (60) days after the date that the damages occurred, or prior to the time that twenty-five per cent (25%) of a crop damaged shall have been harvested. * * *"

Within the designated time plaintiff M. E. Reedy filed with the Board such statement on a form provided by the Board. Listed as damaged were peanuts, cow peas, pecan trees, trees around the house and the pasture and flowers. No mention was therein made of damage either to alfalfa crop or truck patch. However, plaintiffs in amended petition alleged damage thereto and in the trial below, over defendants' objection, introduced evidence pertaining to damage both to items so listed and also to the truck patch and alfalfa.

For reversal of the judgment based upon and approving the general verdict for plaintiffs, defendants assert that the trial court erred in admitting evidence of damage to such alfalfa crop and truck patch which, as above noted, had not been listed with the Board.

In this connection we note that defendants lodged no motion in the trial court to strike from the petition either of the items pleaded (alfalfa and truck garden) but not included in notice filed with the Board.

Defendants contend that since the jury returned a general verdict it is "impossible to determine what, if any, portion of the damage was attributed to the non-listed crops."

■ The language of the statute seems clearly to provide that the filing of the written statement of damages is a condition precedent to the right to commence the action. The statute appears to us not to have been intended to terminate or limit the rights of one whose property is damaged by an applicator of pesticides but to prevent undue delay in reporting any alleged damages. Another purpose of the statutory requirement apparently was to afford defendants an opportunity to investigate the circumstances while the claimed damages were fresh and prior to change and to preserve evidence for their defense.

■ In the statement of damages filed by the plaintiffs, they listed six items of damages. Such statement was sufficient to have placed defendants on notice that the plaintiffs had allegedly suffered damages to several items as a result of the spraying of pesticides by the defendants. Apparently the Legislature did not intend that the statement or notice should specify the damages with the particularity required in a court pleading. However, in our opinion, it perhaps would be fairer to defendants and the better practice for a claimant to set forth in his statement with the Board, as best he can, the various classifications of property and acreage or other amounts thereof claimed to have been damaged. We are of the opinion that the statute was substantially complied with by the written statement of damages which M. E. Reedy filed with the Board. This is especially true since plaintiffs pleaded damage to alfalfa and truck patch.

In the case of City of Tulsa v. Whittenhall, 140 Okl. 160, 282 P. 322, we held in the first paragraph of the syllabus, as follows:

"To satisfy the provisions of a city charter prescribing notice of a claim against the city, as a condition precedent to an action thereon in the courts, it requires only a reasonable or substantial compliance with the terms thereof. And where an effort to comply with such requirements has been made, and the notice, statement, or presentation, when reasonably construed, is such as to accomplish the object of the charter provisions, it is sufficient, although it does not state the facts with the degree of fullness and accuracy required in a pleading, and it need not state sufficient facts to show the liability of the municipality. Such notice or presentation thereof is to be construed with liberality. Held, in the present case, that the form of the notice, the time of service, and as to the person upon whom the service was made, constituted a substantial compliance with the charter provisions."

In 86 C.J.S. Torts § 51, p. 973, the author states:

"* * * Under some statutes, notice of claim for personal injuries must be given to the tort-feasors if they are to be held liable, although a substantial compliance with the statute is sufficient * * *. Inadvertent inaccuracies or omissions in the notice are to be disregarded where there is no intention on the part of claimant to mislead the other party and he is not in fact misled thereby; * * *."

The plaintiffs sued for $6,000.00 damages. The jury's verdict was $2,000.00. Plaintiffs claim their evidence was of the effect that they sustained a loss in land value of $2,000.00; that they suffered a net loss of $2185.00 on their pecan crop and $409.00 on the cow pea crop. Defendants do not dispute those figures, but simply argue that plaintiffs should refer us to pages of transcript or record for the exact testimony.

■ Ordinarily, where defendant makes no showing that the verdict was unduly large, and absent any reversible error in the case, the defendant should not be heard to complain as to the amount of a verdict and judgment for plaintiff which under the pleadings and evidence could have been in

a substantially greater amount. See Swisher v. Clark, 202 Okl. 25, 209 P.2d 880, and Hart v. Starnes Lbr. Co., Okl., 290 P.2d 123.

The judgment of the trial court is affirmed.

BLACKBIRD, C. J., HALLEY, V. C. J., and WELCH, JOHNSON, IRWIN and BERRY, JJ., concur.

DAVISON, J., concurs in result.