**LEONARD FARMS, a partnership, Appellant,**

v.

**THOMPSON–HAYWARD CHEMICAL COMPANY et al., Appellees.**

No. 17992.

Court of Civil Appeals of Texas, Fort Worth.

June 15, 1978.

Rehearing Denied July 27, 1978.

Shannon, Gracey, Ratliff & Miller and Kleber C. Miller, Fort Worth, for appellant.

Howard & Caldwell, Dallas, McBryde, Bogle & Green and John McBryde, Fort Worth, for appellee Thompson-Hayward Chemical Co.

Garrett, Settle & Callaway and J. Robert Green, Jr., Fort Worth, for appellee Rhodia, Inc.

Wallace & Owens, Miami, Okl., Cantey, Hanger, Gooch, Munn & Collins and Tolbert L. Greenwood, Fort Worth, for appellee Midland Flyers, Inc.

## OPINION

SPURLOCK, Justice.

This is a summary judgment case. Leonard Farms, a partnership, (appellant) brought suit to recover for damages to its 1973 soybean crops, allegedly caused by certain chemicals sprayed on its crops in the State of Oklahoma for the purpose of controlling the growth of cockleburs. These crops have been harvested. It has alleged both products liability and negligence causes of action. The three defendants (appellees) before us are as follows: (1) Midland Flyers, Inc., who allegedly applied the chemicals to the plaintiff's crops; (2) Thompson-Hayward Chemical Company, whose representatives allegedly recommended and sold the particular chemicals sprayed upon the plaintiff's crops; and (3) Rhodia, Inc., which is the company that manufactured the chemicals which allegedly damaged the plaintiff's crops. In its judgment, the trial court found that "each defendant is entitled to summary judgment on the ground that plaintiff is prohibited from bringing this action against any of the defendants by virtue of plaintiff's failure to comply with Section 3–82(d) of 2 *Oklahoma Statutes Annotated* . . . ." From the summary judgment rendered in favor of the three defendants, Leonard Farms has perfected its appeal.

We affirm the judgment of the trial court as to Midland Flyers, Inc., and we reverse and remand the cause as to Thompson-Hayward Chemical Company and Rhodia, Inc.

■ Leonard Farms is a partnership with its principal office and place of business in Tarrant County, Texas. It owns and operates a farming operation in Oklahoma. It had planted some 498 acres of soybeans on this farm, and within a short time period, a bad cocklebur problem had developed in 263 acres of these soybean crops.

Leonard Farms alleges that upon the recommendation and advice of representatives of Thompson-Hayward Chemical Company, it arranged to purchase two Butoxone chemicals from said company. The two chemicals, 2080 Butoxone Amine and 2100 Butoxone SB, were manufactured by Rhodia, Inc. The chemicals were sprayed upon the growing soybean crops by Midland Flyers, Inc. It is further alleged that the two Butoxone Chemicals had no significant effect upon the cockleburs they were meant to kill; however, some soybeans were killed and others were severely damaged, thereby resulting in significantly reduced crop yields. After the alleged crop damage was discovered, representatives of the three defendants inspected the fields.

Leonard Farms admits that it did not give any written notice of its alleged crop damage to the Oklahoma State Board of Agriculture.

By its first point of error, Leonard Farms contends that "(t)he trial court erred in holding that 2 Oklahoma Statutes Annotated § 3–82(d) prohibits appellant from bringing this suit against appellees Thompson-Hayward Chemical Company and Rhodia, Inc."

2 *Oklahoma Statutes Annotated* §§ 3–81 through 3–88 (1973) are captioned: "E. Pesticide Applicators". (We shall refer to the statute as it was written at the time that the plaintiff's alleged cause of action arose.)

§ 3–81(a) of the Oklahoma statute provides:

The term "Board" means the State Board of Agriculture of the State of Oklahoma.

§ 3–81(*1%*) of the Oklahoma statute provides in part that:

(*1*) The term "applicator" means any person . . . who engages in custom application of pesticides as herein defined.

§ 3–81(k) of the Oklahoma statute provides in part that:

(k) The term "custom application of pesticides" means any application of insecticides, fungicides, herbicides, defoliants, or desiccants by aircraft or ground equipment, for hire or compensation. . . .

§ 3–82(d) of the Oklahoma statutes provides in part that:

(d) No permit shall be issued or renewed or be valid unless the applicator shall have filed with the Board a corporate surety bond guaranteeing that the applicator will answer in damages to any person injured by the applicator's pesticide application or drift to plants, animals, or property, or by failure of the applicator to comply with the rules and regulations of the Board governing the use of custom application of pesticides. . . . No action for such alleged damages to growing annual crops or plants may be brought or maintained, however, unless the person claiming the damages shall have filed with the Board a written statement of alleged damages, on a form prescribed by the Board, within ninety (90) days after the date that the alleged damages occurred, or prior to the time that twenty-five percent (25%) of a crop damaged shall have been harvested.

By a careful reading of the statute, it is clear that the Oklahoma statutes cited above only apply to "applicators" of pesticides, *McArdle v. Stewart*, Okl., 446 P.2d 379 (1968); *Olmstead v. Reedy*, Okl., 387 P.2d 631 (1963). Of the three appellees before us, only Midland Flyers, Inc. is an "applicator" within the meaning of the statute. Since the Oklahoma statute only applies to "applicators", we hold that it is only appellant's cause of action against Midland Flyers, Inc. that is affected by the cited Oklahoma statute. We sustain Leonard Farms' first point of error.

Since we have concluded that only Midland Flyers, Inc. was an "applicator" within the meaning of the Oklahoma statute, the summary judgments in favor of Thompson-

Hayward Chemical Company and Rhodia, Inc. must be reversed and the cause as to them remanded to the trial court. Therefore, we shall consider Leonard Farms' remaining points of error only insofar as they concern Midland Flyers, Inc.

 By its second point of error, Leonard Farms contends that "(t)he trial court erred in not finding that appellant Leonard Farms was in substantial compliance with 2 Oklahoma Statutes Annotated § 3–82(d) as a matter of law, or in the alternative in not finding that a material question of fact existed as to whether or not appellant was in substantial compliance . . ." with the Oklahoma statute.

It appears to be the Leonard Farms' contention that it has substantially complied with the Oklahoma statute in that Midland Flyers, Inc. had actual notice of the alleged crop damage and had made a detailed investigation within ninety days.

The case of *Olmstead, supra,* does recognize the doctrine of substantial compliance; however, in that case, the plaintiff had given the required notice to the State Board of Agriculture, but had not listed each element of damages. In the case at bar, Leonard Farms admits that it did not give any notice to the State Board of Agriculture. We have carefully read the *Olmstead* case, and we must hold that there was no issue of "substantial compliance" raised in the case before us. We overrule Leonard Farms' second point of error.

 By its third point of error, Leonard Farms contends that "(t)he trial court erred in not finding that a material question of fact existed as to whether or not appellees waived their right to assert . . ." the Oklahoma statute "as a defense, or in the alternative were estopped by their actions to assert this defense."

Upon reading the Oklahoma statute and the two cases concerning it, we must hold that the giving of notice to the Oklahoma State Board of Agriculture is a condition precedent to the right to commence the action against an "applicator"; i. e., Midland Flyers, Inc. *Olmstead, supra; McAr-*

*dle, supra.* There is no waiver or estoppel in this case. We overrule Leonard Farms' third point of error.

 By its fourth point of error, Leonard Farms contends that "(t)he trial court erred in finding that appellees have established their defense based upon 2 Oklahoma Statutes Annotated § 3–82(d) as a matter of law."

Having reviewed the record, we conclude that Midland Flyers, Inc. has properly established that Leonard Farms has not complied with this statutory condition precedent to bringing suit against it. We overrule Leonard Farms' fourth point of error.

We affirm the judgment of the trial court as to Midland Flyers, Inc., and we reverse and remand the cause as to Thompson-Hayward Chemical Company and Rhodia, Inc.