# TAYLOR,
## *Respondent,*
### *v.*
# BERKHEIMERS, INC.,
## *Appellant.*

## (No. A7801-00332, CA 15071)

618 P2d 452

James H. Clarke, Portland, argued the cause for appellant. With him on the briefs were John P. Bledsoe, Frank M. Parisi, and Spears, Lubersky, Campbell & Bledsoe, Portland.

Elden M. Rosenthal, Portland, argued the cause and filed the brief for respondent.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

## WARREN, J.

Plaintiff sued to recover compensation due under his employment contract following his termination on June 16, 1977, as vice president of defendant corporation. He alleged that his annual compensation included a bonus of ten percent of the corporate net profits and that defendant had refused to pay his bonus for fiscal year 1977. Defendant admitted in its answer that it had rejected plaintiff's demand for the 1977 bonus. As an affirmative defense, defendant alleged that plaintiff breached his fiduciary duty of loyalty as a corporate officer by: (1) paying a corporate employe $8,000 of company funds without authorization by the Board of Directors; and (2) by concealing these payments in the company's financial records.

After trial to the court, judgment was entered in favor of plaintiff. Pursuant to former ORS 17.431, the trial court made and entered the following conclusions of law:

"Defendant had a legal obligation to pay plaintiff a bonus for the 1977 fiscal year, computed at the rate of 10% of pre-tax profits, after deductions for bad debts. * * *

" * * * * * *

" * * * As to defendant's equitable defenses, plaintiff was disloyal to defendant Berkheimers only in the payment of bonuses to Jacqueline Arellano. * * *

" * * * As a general rule, a corporate officer who is disloyal is not entitled to compensation for the period of time contemporaneous with the acts of disloyalty. However, the Court has equitable discretion to consider all the aspects of the relationship between the corporate officer and the corporation * * *. Where the assets of a corporation have been greatly increased and the stockholders have been substantially enriched, the Court may apportion compensation due to an officer who has been disloyal, and may order restitution to the corporation for any losses occasioned by the officer's act of disloyalty.

" * * * * * *

"Considering the nature of plaintiff's breach of loyalty, particularly that plaintiff received no personal gain and was motivated by a desire to benefit the

defendant corporation, it would be an inequitable and a harsh result to deprive plaintiff of the entire bonus due him. This is so particularly in light of the success of Berkheimers under his leadership. Plaintiff should receive only the portion of said bonus apportionable to the period of time in Berkheimers' fiscal year during which he was actually employed by Berkheimers, less his severance pay. Plaintiff should furthermore be required to forfeit $8,000.00 of said bonus as restitution to Berkheimers for his disloyalty."

On appeal defendant contends: (1) that the trial court erred in concluding it had equitable discretion to award plaintiff a bonus for fiscal year 1977, after subtracting as restitution to the corporation the amount paid without authorization; and (2) that, in any event, there was no evidence to support the trial court's equitable award of compensation.

■ ■ Plaintiff counters with the argument that, by failing to make timely objections in the trial court, defendant has waived its right to protest the trial court's exercise of equitable jurisdiction.

"[A] party, contending upon appeal that equity had no jurisdiction to render a decree, must make timely objections in the trial court unless the subject is wholly outside of equity's jurisdiction." *Lane County Escrow v. Smith, Coe,* 277 Or 273, 281, 560 P2d 608 (1977); *see Allan & Leuthold v. Terra Inv.,* 271 Or 335, 337, 532 P2d 218 (1975); *Winkleman v. Ore.-Wash. Plywood Co.,* 240 Or 1, 10, 399 P2d 402 (1965); *Flaherty v. Bookhultz et al,* 207 Or 462, 472-73, 291 P2d 221, 297 P2d 856 (1956).

At no point at the trial level did defendant object to the court's characterization of its defense of disloyalty as "equitable." In fact, the record reveals numerous occasions in which defendant referred to its defense as "equitable."[1] Having submitted itself to the

---

[1] In the preliminary stages of the trial, defense counsel stated:

"Well, if Your Honor please, I think that the law as disclosed in our trial memorandum would indicate that as far as *our equitable defense,*

equitable jurisdiction of the court, defendant has effectively waived any objection that the issues were legal and not equitable, unless the matter was "clearly beyond the pale of equitable cognizance." *Flaherty v. Bookhultz et al, supra* 207 Or at 472.

Defendant contends, however, that as a matter of law plaintiff forfeits all right to compensation under his contract of employment due to his disloyal acts. For this proposition defendant relies on *American Timber v. Niedermeyer,* 276 Or 1135, 558 P2d 1211 (1977), where defendant made a series of deliberate diversions, in excess of $150,000, of corporate assets for his own benefit. The corporation sought to recover the diverted funds and the restitution to it of over $226,000 in compensation paid defendant. The Supreme Court characterized defendant's conduct as "a looting of corporate assets leading to the insolvency and collapse of plaintiff corporation." 276 Or at 1156. It noted:

> "The remedy of restoration of compensation is an equitable principle and its applicability is dependent upon the individual facts of each case. [Citations omitted.] The general rule, however, is that a corporate officer who engages in activities which constitute either a breach of his duty of loyalty or a wilful breach of his contract of employment is not entitled to any compensation for services rendered during that period of time even though part of those services may have been properly performed. [Citations omitted.]

breach of loyalty by an officer and director * * *." TR at p. 4. (Emphasis supplied.)

Then again, prior to cross-examining plaintiff as to specific acts of disloyalty, defense counsel said:

> "* * * I have nothing further, Your Honor, at this time unless we wish to get into the *equitable matters.* " TR at p. 47. (Emphasis supplied.)

After both plaintiff and defendant had rested, the trial court discussed the nature of its equitable remedy. Shortly thereafter, defense counsel submitted a letter to the trial court in response to plaintiff's request for attorney fees. In the letter, defendant again referred to the defense of breach of loyalty as its "equitable defense at trial."

"We see no reason for making an exception to the general rules in this case. The equities are entirely on the side of the corporation and its minority stockholders and creditors. This is not a situation like that involved in *Richardson v. Blue Grass Mining Co.,* 29 F Supp 658 (ED Ky 1939), *aff'd* 127 F2d 291 (6th Cir), *cert. denied* 317 US 639 (1942), where the court did not allow a recovery of compensation because of the 'phenomenal' success of the corporation under the defendants' management. * * * " 276 Or at 1155-56.

In *Richardson v. Blue Grass Mining Co.,* referred to in *Niedermeyer, supra,* the equities were different:

"The question as to whether the Johnsons forfeited all right to compensation for their services by reason of breach of their fiduciary duties to the corporations and to the Tennessee group as their co-stockholders is a troublesome one and demands careful consideration. The general rule that trustees who are faithless and dishonest in the performance of the duties of their trust forfeit all right to compensation is well established and it applies to managing officers and agents of the corporation as well as to other persons acting in a fiduciary relation. [Citations omitted.] This rule is not so rigid and inflexible, however, as to leave no room for the exercise of judicial discretion. [Citation omitted.] 'Fortunately, there is no unbending rule which a court of equity is bound, under all circumstances, to apply in cases of this kind; but that may be done which in good conscience ought to be done in each particular case.' [Citation omitted.]

" * * * * * *

"For their derelictions, the Kentucky group must make full restitution. To further penalize them by denial of reasonable compensation for the vast amount of labor and beneficial service they rendered, through which the assets of the corporations have been greatly increased and their stockholders substantially enriched, would seem inequitable and unjust." *Richardson, supra* at 670."

The equitable principle applied in *Bluegrass* allowing compensation despite a breach of fiduciary relationship was applied in *Marnon v. Vaughan Motor*

*Co., Inc.,* 184 Or 103, 194 P2d 992 (1948). In that case, as here, defendant contended that an agent who breached his fiduciary duty forfeited any right to compensation for services rendered. The Supreme Court found that there was considerable authority in support of that rule, but that the rule was not inflexible; whether compensation is denied to a fiduciary who has not been entirely faithful ultimately rests in the discretion of the trial court. Because of Marnon's valuable contributions to the success of the corporation, the court held that a denial of reasonable compensation was inappropriate. *See also Strickland v. Arnold Thomas Seed,* 277 Or 165, 182, 560 P2d 597 (1977); *Olsen v. Producers Life Insurance,* 250 Or 517, 520-21, 443 P2d 172 (1968); Restatement (Second) Agency, § 456, 469, comments (d) and (e) (1957).

From the foregoing authorities it is apparent that a court of equity does have cognizance of the matter here at issue. It is likewise apparent that whether to allow compensation for valuable services rendered by a less than faithful fiduciary is within the discretion of the court. Here the trial court found that plaintiff received no personal gain from his breach of fiduciary responsibility, that he was motivated by a desire to benefit the corporation and that the corporation had prospered under his leadership.

The defendant contends, however, in its second assignment of error that the evidence does not support the trial court's findings of fact upon which it based its equitable award of compensation. On *de novo* review, we accord great weight to the trial court's findings where credibility of witnesses is in issue. *Lane County Escrow v. Smith, Coe, supra,* 277 Or at 277-78. The evidence does support the trial court's findings of fact. The trial court did not abuse its discretion in awarding plaintiff his earned compensation, reduced by the corporation's loss attributable to his disloyalty.[2]

Affirmed.

---

[2] Defendant argues that plaintiff is precluded from recovery because the trial court found that plaintiff's unauthorized payment of bonuses to a

corporate employe constituted a "willful breach of plaintiff's contracted employment." First, the trial court's characterization of plaintiff's breach of loyalty as "willful" pertained to its determination that plaintiff should not be awarded attorney fees pursuant to ORS 652.200(2). Second, it is obvious from the trial court's findings of fact that the court did not consider plaintiff's acts of disloyalty as the type of serious breach that would prohibit recovery in a court of equity, *American Timber v. Niedermeyer, supra,* or the kind of "willful and deliberate" breach that would preclude recovery under the Restatement (Second) of Agency § 456, Comment C, as incorporated in § 469, Comment B (1957).