2005 OK CIV APP 52

**Thomas Ernest BROWN,
Plaintiff/Appellant,**

v.

**ROCKY FARMERS CO–OP, INC.,
Defendant/Appellee.**

**No. 101536.**

Court of Civil Appeals of Oklahoma,
Division No. 3.

Feb. 18, 2005.

Anthony G. Mitchell, Talley & Talley, Hobart, OK, for Plaintiff/Appellant.

Douglas L. Jackson, Julia C. Rieman, Gungoll, Jackson, Collins, Box & Devoll, P.C., Enid, OK, for Defendant/Appellee.

CAROL M. HANSEN, Judge.

¶ 1 On January 29, 2002, Defendant, Rocky Farmers Co-op, Inc., applied Velpar, a herbicide, to Plaintiff Thomas Brown's alfalfa field. Sometime in April of 2002, Brown noticed herbicide damage to the alfalfa. On May 6, 2002, Brown filed a complaint with the Oklahoma State Department of Agriculture pursuant to Oklahoma Combined Pesticide Law, *2 O.S.2001 § 3–82* (H). This subsection of the law provides:

> No action for alleged damages to growing annual crops or plants may be brought or maintained unless the person claiming the damages has filed with the Board a written statement of alleged damages on a form prescribed by the Board within ninety (90) days of the date that the alleged damages occurred, or prior to the time that twenty-five percent (25%) of a damaged crop has been harvested.

■ ¶ 2 On May 5, 2004, Brown filed a petition in district court alleging negligence by Defendant, claiming it did not properly clean its tanks before filling them with Velpar to apply to his alfalfa. He sought damages in excess of $10,000. Defendant answered, alleging the statute of limitations had run on Brown's cause of action. It filed a motion for summary judgment pointing out that under *12 O.S.2001 § 95* (3), the statute of limitations for an action for injury to personal property is two years. Defendant sprayed Velpar on the alfalfa field more than two years before Brown filed his petition. Typically, a cause of action arises and the statute of limitation begins to run on a cause of action when harm occurs to the plaintiff whether the plaintiff knew of the injury or not. *Weathers v. Fulgenzi,* 1994 OK 119, 884 P.2d 538. Under this rule, Plaintiff had until January 29, 2004 to file his petition.

■ ¶ 3 Defendant further points out that even if the "discovery" of the injury controls, Brown's action was barred. Under the "discovery rule" the statute of limitations in tort actions begins to run at the time a plaintiff knew or with reasonable diligence should have known of the damage and the cause of the damage. *Kordis v. Kordis,* 2001 OK 99, 37 P.3d 866. Brown admits he recognized possible damages in April of 2002, also more than two years before he filed his petition.

¶ 4 Brown countered, arguing his filing of a written statement with the Department of Agriculture of the alleged damages was jurisdictional under § 3–82(H). He contended his action did not accrue until then, in that he could not have maintained the action to a successful conclusion before then, citing *Stephens v. General Motors Corporation,* 1995 OK 114, 905 P.2d 797. Because the statute required his filing, he could not have pursued his action for damages until the date he filed his form with the Department of Agriculture. Therefore, that was the date the statute began to run. He cited *Olmstead v. Reedy,* 1963 OK 268, 387 P.2d 631, which held "the language of the statute seems clearly to provide that the filing of the written statement of damages is a condition precedent to the right to commence the action." This requirement was needed to prevent undue delay in reporting any alleged damages and to afford defendants an opportunity to investigate the circumstances while the claimed damages were fresh. *Olmstead* did not discuss the statute of limitations.

¶ 5 Brown also cited *Short v. Jones,* 1980 OK 87, 613 P.2d 452. That decision dealt with a different statute that applied to damages to his pecan trees. It held these damages were damages to property rather than damages to crops.

■ ¶ 6 Failure to file a written statement of damages pursuant to the statute is certainly fatal to a plaintiff's lawsuit. *McArdle v. Stewart,* 1968 OK 153, 446 P.2d 379. Here, Brown did file a statement of damages as required. However, none of these decisions holds the statute of limitations does not begin to run until that statement is filed. Brown could have filed his action any time after he filed the statement and been within the limitations period.

¶ 7 Defendant cited cases from other jurisdictions. The trial court adopted the reasoning of *Moreno v. City of El Paso,* 71 S.W.3d 898, (Tex.App.2002) cited by Defendant.

That case dealt with a claim against the city.[1] Its municipal code required written notice to the mayor of claimed damages against the city as the alleged tortfeasor. Although this case is distinguishable in that here we have a requirement of notice to a third party, not the claimed tortfeasor, we find its reasoning persuasive. The decision pointed out those jurisdictions that hold a statute of limitations would be tolled until notice was given, deal with statutes or codes where the possibility of delay was controlled by some entity other than the plaintiff, and any resulting delay would be beyond the plaintiff's control; for instance where a plaintiff was precluded from filing suit until his claim was rejected. (Citations omitted.)

■ ¶8 We are persuaded by the language of the *Moreno* decision. That Court found no Texas court had determined whether a notice provision, without the requirement of rejection of a claim prior to filing suit, served to extend the statute of limitations. It further pointed out the majority of courts have held the notice requirement did not affect the running of the statute of limitations because it is merely a part of the remedy and not an essential part of the cause of action. It cited a Kansas case, *Fuller v. State Highway Commission*, 140 Kan. 558, 38 P.2d 99 (1934), which held a similar notice requirement was merely a condition precedent to suit and the statute did not require any delay in filing suit after the notice; consequently, the plaintiff could have given notice and brought suit almost immediately after the injury. It held the statute of limitations began to run as soon as the claimant could legally give notice rather than on the day he actually did so.

¶9 Oklahoma has not previously addressed the issue of tolling of the statute of limitations where the notice of claim procedure is wholly within the plaintiff's ambit and could not therefore occasion prejudicial delay except that occasioned by the plaintiff's own action. We are convinced by the soundness

of this reasoning and adopt it here. The trial court correctly concluded Brown's suit is barred by the two-year statute of limitations.

¶10 AFFIRMED.

JOPLIN, P.J., and BUETTNER, C.J., concur.

---

1. The City of El Paso enacted a notice of claim provision providing:

    The city shall not be liable to any person for injuries suffered to his person or the person of another unless the injured person, or someone

on his behalf, shall within ninety days or within six months for good cause shown from the date the damage occurred or the injury was received, give notice in writing to the mayor of the following facts:* * * *