2011 OK CIV APP 79

**Ulrich W. YOUNG, Plaintiff/Appellant,**

v.

**Bob SPENCER, Defendant/Appellee.**

No. 108,375.

Court of Civil Appeals of Oklahoma, Division No. 1.

May 27, 2011.

Michael H. Brady, Timothy J. Synar, Brady, Schaulat, Falsetti & Synar, Oklahoma City, OK, for Plaintiff/Appellant.

James J. Hodgens, James J. Hodgens, P.C., and Richard James, Richard James, P.C., Stroud, OK, for Defendant/Appellee.

ROBERT D. BELL, Chief Judge.

¶ 1 Plaintiff/Appellant, Ulrich W. Young, appeals from the trial court's order dismissing his reckless herbicide application action against Defendant/Appellee, Bob Spencer, on the ground Plaintiff failed to comply with 2 O.S. Supp.2005 § 3–82(H) prior to filing suit. For the reasons set forth below, we reverse and remand for further proceedings.

¶ 2 Plaintiff and Defendant own adjacent parcels of land. Plaintiff alleges that beginning in May 2004 and continuing, Defendant has negligently applied herbicide on his own property that has drifted onto and contaminated Plaintiff's land and crops. Plaintiff's original, amended and second amended petitions alleged both temporary damage to crops and permanent injury to trees and plants. However, in response to a pre-trial dispute over the proper measure of damages to be applied to the case, Plaintiff filed a brief in February 2010 that appeared to indicate he sought redress only for temporary crop damage. Thereupon, Defendant orally moved to dismiss the case for lack of subject matter jurisdiction, arguing Plaintiff failed to properly notify the Oklahoma Board of Agriculture (Board) before filing suit in violation of § 3–82(H). Plaintiff asserted § 3–82(H) was inapplicable and, alternatively, that his multiple complaints to the Board, written on Board forms, satisfied the filing requirement of the statute.

¶ 3 The trial court granted Defendant's motion to dismiss and Plaintiff appeals. The matter stands submitted for accelerated appellate review without appellate briefs on the trial court record pursuant to Rule 4(m), *Rules for District Courts*, 12 O.S. Supp.2002, Ch. 2, App., and Rule 1.36, *Oklahoma Supreme Court Rules*, 12 O.S. Supp. 2003, Ch. 15, App. 1.

¶ 4 Section 3–82(H) applies only to damages to growing annual crops and does not apply to permanent injury to land. Plaintiff argued at trial and now on appeal that he has always sought damages for both temporary and permanent injury to his property. We need not reconcile Plaintiff's pleadings here, because we find § 3–82(H) is inapplicable to the facts of this case.

¶ 5 Subsection 3–82(H) provides in full:

DAMAGES—No action for alleged damages to growing annual crops or plants may be brought or maintained unless the person claiming the damages has filed with the Board a written statement of alleged damages on a form prescribed by the Board within ninety (90) days of the date that the alleged damages occurred, or prior to the time that twenty-five percent (25%) of a damaged crop has been harvested.

In a case where the statute applies, the Oklahoma Supreme Court has held the filing requirement of § 3–82 is a jurisdictional prerequisite to bringing of an action for crop damages. *Olmstead v. Reedy*, 1963 OK 268, 387 P.2d 631. The issue in the present case is whether the filing requirement of § 3–82(H) applies to actions against non-commercial, unlicensed and uncertified applicators of unrestricted herbicides on their own property. We hold that it does not.

¶ 6 Section 3–82 is part of the Oklahoma Combined Pesticide Law (Act), 2 O.S. Supp. 2007 § 3–81 et seq. Under the Act, herbicides fall within the definition of pesticides. 2 O.S. Supp.2007 § 3–81(19) & (34). Prior to 2000, language substantially similar to that found in the current subsection 3–82(H) was contained within the last paragraph of the formerly numbered subsection 3–82(D). That former subsection addressed the liability insurance requirements of licensed commercial pesticide applicators. *See* 2 O.S.1991 § 3–82. The remainder of the pre–2000 version of § 3–82 addressed the licensing and certification requirements of restricted use pesticide applicators.

¶ 7 Analysis of the pre–2000 version of the statute indicates the filing requirement of § 3–82 applied only to licensed commercial pesticide applicators. The requirement was located immediately after and within the

same paragraph that addressed the liability insurance requirements of licensed commercial pesticide applicators. Indeed, every published Oklahoma case addressing the notice provision of the pre–2000 § 3–82 involved a commercial applicator as defendant. *See Short v. Jones,* 1980 OK 87, 613 P.2d 452; *Olmstead v. Reedy,* 1963 OK 268, 387 P.2d 631; *McArdle v. Stewart,* 1968 OK 153, 446 P.2d 379 (all three cases dealt with aerial crop-dusting defendants).

¶ 8 Among other changes, the Legislature's 2000 amendment of § 3–82 separated the former subsection D into two parts and redesignated the parts as subsections G and H. The current subsection G is virtually identical to the first three paragraphs of the former subsection D, while the current subsection H is virtually identical to the last paragraph of the former subsection D. The 2000 amendment also included four additional subsections addressing, respectively, restricted use pesticide dealer's permits, pesticide registration, categories of licenses and permits, and expiration of permit and pesticide registrations. *See* 2 O.S. Supp.2000 § 3–82(I) to (L).

¶ 9 It is undisputed that Defendant and/or his employee applied an unrestricted, over-the-counter herbicide to his own property over a period of years. This action arises from the alleged overspray/drift of such herbicide onto Plaintiff's property. Defendant is not a certified, licensed or commercial applicator of pesticides or herbicides restricted by the Board. We presume Defendant's employee was similarly uncertified/unlicensed, as no evidence or argument of such was entered in the record. Although the singular term "applicator" is not defined in the Act, several more precise terms are defined therein and none describe Defendant. *See* § 3–81(8) ("Certified applicator" is one who has met certification standards); (10) ("Commercial applicator" is a person who applies pesticides in commercial employment); (29) ("Noncommercial applicator" is one, other than a commercial or private applicator, who uses or supervises the use of a restricted-use pesticide); and (35) ("Private applicator" is one who uses or supervises the use of any restricted pesticide on their own property).

Furthermore, Defendant has advanced no authority for the proposition that he qualifies as an "applicator" under the Act.

▪ ¶ 10 "Statutory construction presents a question of law which is subject to *de novo* review. Such review is plenary, independent, and non-deferential." *St. John Med. Ctr. v. Bilby,* 2007 OK 37, ¶ 2, 160 P.3d 978, 979 (citation omitted).

The primary goal of statutory construction is to ascertain and follow the intention of the Legislature. If a statute is plain and unambiguous and its meaning clear and no occasion exists for the application of rules of construction a statute will be accorded the meaning expressed by the language used. However, where a statute is ambiguous or its meaning uncertain it is to be given a reasonable construction, one that will avoid absurd consequences if this can be done without violating legislative intent. Further, the Legislature will not be presumed to have done a vain and useless act in the promulgation of a statute, nor will an inept or incorrect choice of words be applied or construed in a manner to defeat the real or obvious purpose of a legislative enactment.

*TRW/Reda Pump v. Brewington,* 1992 OK 31, ¶ 5, 829 P.2d 15, 20 (citations omitted). Finally, "legislative intent behind a statute is to be ascertained from the whole act in light of the general purpose and object." *Id.* at ¶ 7, 829 P.2d at 20.

¶ 11 In *Anderson v. Dow Agrosciences LLC,* 262 F.Supp.2d 1280 (W.D.Okla.2003), the court addressed whether the filing requirement of § 3–82(H) applied to claims against pesticide manufacturers. In rejecting that notion, the Court reasoned:

[T]he positioning of the 3–82(H) language in the re-codified statute—immediately following the portions applying to applicators—suggests the legislature intended to continue to apply its damages—limiting provisions to those persons to whom it had previously applied—applicators. Had the legislature intended its restructuring of Section 3–82 to extend the damages limitation provision to manufacturers, it would likely have said so clearly and would have done so, if not by express words, then by

at least positioning the applicable provision at the end of the statute where its applicability to all persons within the statute's scope would have been more clear. In any event, the Court concludes Section 3–82(H) continues to apply only to claims against licensed pesticide applicators, not pesticide manufacturers.

*Id.* at 1285.

¶12 We concur with the federal court's rationale. Upon *de novo* review, we hold the filing requirement of § 3–82(H) does not apply to Plaintiff's claims. A reasonable construction of the Act leads us to conclude the filing requirement of § 3–82(H) applies only to claims against certified, licensed or commercial applicators of restricted use pesticides. Considering the Act as a whole, we believe the application of the filing requirement to private citizens who have used over-the-counter herbicides on their own property would defeat the real and obvious purpose of the Act, which is to regulate the licensing and certification of restricted use pesticide applicators and regulation of pesticide production and sales. Our conclusion is bolstered by the placement of § 3–82(H) immediately after a provision addressing the insurance requirements of licensed commercial pesticide applicators and before a provision addressing the permit requirements for restricted pesticide dealers.

¶13 Plaintiff was not required to give notice to the Board prior to filing his lawsuit. Accordingly, we hold the trial court erred in granting Defendant's motion to dismiss. The judgment of the trial court is therefore reversed and this matter is remanded for further proceedings consistent with this opinion.

¶14 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

HETHERINGTON, P.J., and HANSEN, J., concur.